UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 FEB -9  A 9: 22

| | |
|---|---|
| JOHNNY POTTS AND JANICE POTTS,<br>PLAINTIFFS,<br><br>vs.<br><br>DYNCORP INTERNATIONAL, LLC;<br>JAMES MCCANTS, an individual;<br>No. 1, whether singular or plural, that certain person or persons, entity or entities, who or which had responsibility for causing the accident which caused the Plaintiff's injuries;<br>No. 2, whether singular or plural, that certain person or persons, entity or entities, who or which was the employer of the operator of the vehicle involved in the accident made the basis of this suit;<br>No. 3, whether singular or plural, that certain person or persons, entity or entities, who or which is the successor in interest to the employer of the operator of the vehicle which caused the injuries to Plaintiff;<br>No. 4, whether singular or plural, that certain person or persons, entity or entities, whose negligence or wantonness in any way caused the injuries to the Plaintiff<br>Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff, their identities as proper parties defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained. | CV-06- 3:06cv124-WHA<br><br>**DEMAND FOR JURY TRIAL** |



SCANNED
2/9/06

DEFENDANTS.                                    *

## COMPLAINT

1. The Plaintiff, Johnny Potts, is an adult resident citizen of Alexander City in Tallapoosa County, Alabama. The Plaintiff, Janice Potts, is an adult resident citizen of Alexander City in Tallapoosa County, Alabama. Johnny and Janice Potts are married, and were married at the time the incident made the basis of this suit occurred. At the time of the incident made the basis of this suit, Johnny Potts was an employee of Worldwide Network Services, Inc.

2. The Defendant, DynCorp International, L.L.C., ("DynCorp"), is a foreign corporation by virtue of being incorporated in a state other than Alabama having its principal place of business in Irving, Texas. The defendant, DynCorp, did business by agent in Montgomery County at the time of the accrual of the cause of action.

3. The Defendant, James McCants, is a resident citizen of Marietta, GA.

4. Fictitious parties defendant No. 1, whether singular or plural, is that certain person or persons, entity or entities, who or which had responsibility for causing the accident which caused the plaintiff's injuries.

5. Fictitious parties defendant No. 2, whether singular or plural, is that certain person or persons, entity or entities, who or which was the employer of the operator of the vehicle involved in the accident made the basis of this suit.

6. Fictitious parties defendant No. 3, whether singular or plural, is that certain

person or persons, entity or entities, who or which was the successor in interest of the employer of the vehicle which caused the plaintiff's injuries.

7. Fictitious parties defendant No. 4, whether singular or plural, is that certain person or persons, entity or entities, whose negligence or wantonness in any way caused the injuries to the plaintiffs.

8. Plaintiff avers that the true names and identities of the fictitious party defendants herein are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff, their identities as proper parties defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained. Until that time, Plaintiff designates these parties as defendants in accordance with *ARCP* 9(h). "Entities as used herein is intended to refer to and include any and all legal entities, including individual persons, any and all forms of partnerships, and any and all types of corporations and unincorporated associations. The terms by which these parties defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the assembly applies to more than one entity.

## JURISDICTION AND VENUE

9. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper in this court pursuant to 28 U.S.C. § 1391

(a)(3) and 28 U.S.C. § 1391(c).

## COUNT ONE
## PERSONAL INJURY:
## NEGLIGENCE & WANTONNESS OF JAMES MCCANTS

10. The Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs as if set out in full herein.

11. On or about the 3rd day of September, 2004, the Plaintiff, Johnny Potts, as an employee of Worldwide Network Services, Inc., was traveling east in a convoy on the primary road from Trebil, Jordan to Baghdad, Iraq. Mr. Potts was in the convoy in order to perform work on behalf of his employer, Worldwide Network Services, Inc. The convoy consisted of five cars. Mr. Potts was in the car driven by the defendant, James McCants, an employee of DynCorp. The convoy reached its destination in Iraq, where Mr. Potts performed the job required of him, and then Mr. Potts returned to the car with James McCants driving. All throughout the trip both going and coming, Mr. McCants had been driving the car at a high rate of speed, in excess of 160 kilometers per hour, which is equivalent to 99 miles per hour. On the return trip, while Mr.McCants was driving at this high rate of speed, the vehicle came across a dog crossing the road. Mr. McCants, without slowing his speed, swerved to miss the dog, which caused the vehicle he was driving and in which Johnny Potts was a passenger to flip several times and burst into fire.

12. The conduct of the Defendant, James McCants, as described herein, was wrongful, negligent and/or wanton and renders James McCants and fictitious parties

defendant 1, 2, 3 and 4 liable to the Plaintiff.

13. As a proximate result of the negligence and/or wantonness of the Defendants, James McCants and fictitious parties defendant 1, 2, 3 and 4, the Plaintiff, Johnny Potts, suffered the following injuries:

> The Plaintiff, Johnny Potts, suffered serious damage to his body; his body was bruised, contused, battered and made sore; he suffered a broken right tibia and fibula; he has been caused to miss time from work and will continue to have to do so in the future; he was caused to incur medical and hospital bills and will continue to have to do so in the future.

WHEREFORE, the Plaintiffs demand judgement against the Defendants, James McCants, and fictitious parties defendant 1, 2, 3 and 4, for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT TWO
## PERSONAL INJURY:
## NEGLIGENCE & WANTONNESS OF DYNCORP INTERNATIONAL, LLC

14. Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs of this complaint as if set out in full herein.

15. On or about September 3, 2004, James McCants was an employee of DynCorp International, LLC. acting within the line and scope of his employment when he was driving the vehicle in which Mr. Potts was riding. As a result of Mr. McCants' negligent and/or wanton injuries as described above in paragraphs 11 and 12, Mr. Potts was caused to suffer the injuries outlined in paragraph 13. DynCorp is liable for the negligence and/or wantonness of the defendant, James McCants, under the doctrine of respondeat superior.

WHEREFORE, the Plaintiffs demand judgement against the Defendants, DynCorp, and fictitious parties defendant 1, 2, 3 and 4, for damages in an amount that would be mete, just and proper under the circumstances.

### COUNT THREE
### PERSONAL INJURY:
### NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION

16. Plaintiffs reaver and reallege all of the allegations in the preceding paragraphs of this complaint as if set out in full herein.

17. The Plaintiffs aver that the Defendant, DynCorp International, LLC was negligent and/or wanton in the hiring of James McCants.

18. The Plaintiff avers that inadequate screening, testing, background checks and other such methods were used by the Defendant, DynCorp International, LLC, prior to extending an offer of employment to the Defendant, James McCants.

19. Plaintiff further avers that the Defendant, DynCorp, was negligent and/or wanton in its training or supervision of the Defendant, James McCants.

20. The Plaintiff further avers that the Defendant, DynCorp, knew or should have known of Mr. McCants's unfitness of employment and employed him, or continued to employ him, anyhow.

21. DynCorp's negligent hiring, training and supervision of James McCants was a proximate cause of the injuries to the plaintiff, Mr. Potts, as set forth in paragraph 13.

WHEREFORE, the Plaintiffs demand judgement against the Defendants, DynCorp,

and fictitious parties defendant 1, 2, 3 and 4, for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT FOUR:
## LOSS OF CONSORTIUM

22.   The Plaintiffs reaver all of the allegations of the previous paragraphs of this Complaint as if set out in full herein.

23.   At the time of the incident made the basis of this Complaint and at present, Janice Potts was the wife of Johnny Potts. As a result of the serious injuries to her husband, Johnny Potts, Janice Potts has lost the consortium, support, services, companionship and affection of her husband.

WHEREFORE, the Plaintiff Janice Potts demands judgment for compensatory and punitive damages against each of the named and fictitious parties defendant separately and severally in an amount to be determined by the jury, plus the cost of this action.

## AD DAMNUM CLAUSE

24. The plaintiffs, Johnny Potts and Janice Potts, reallege and adopt the preceding paragraphs of the Complaint as if set out in full herein.

25. The plaintiffs allege that the conduct of the defendants, DynCorp International, LLC, James McCants and fictitious parties defendant 1, 2, 3 and 4 combined and concurred to cause the injuries to Plaintiffs Johnny Potts and Janice Potts. As a proximate consequence of the negligence, wantonness, negligent hiring, training and supervision and wanton hiring, training and supervision and other wrongful

conduct of the defendants, the Plaintiff Johnny Potts was seriously injured and his wife, Janice Potts, suffered loss of consortium, companionship and other damages as stated previously herein.

WHEREFORE, the plaintiffs, Johnny Potts and Janice Potts, demand judgment for compensatory and punitive damages against each of the named and fictitious parties defendants, separately and severally, in an amount to be determined by the jury that is mete, just and proper.

Done this the 1st day of February, 2006.

MORRIS, HAYNES & HORNSBY

/s/ Larry W. Morris
Larry W. Morris MOR007
Attorney for Plaintiffs

Post Office Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000

### JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE COMPLAINT.**

/s/ Larry W. Morris
Of Counsel