# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOHNNY POTTS and JANICE POTTS,** | § | |
| **Plaintiffs,** | § | |
| | | **Civil Action No.** |
| **v.** | § | |
| | | **3: 06-cv-00124-WHA** |
| **DYNCORP INTERNATIONAL LLC,** | § | |
| **JAMES McCANTS, et al.,** | | |
| | § | |
| **Defendants.** | | |

## ANSWER OF DEFENDANT DYNCORP INTERNATIONAL LLC

_____

COMES NOW defendant DynCorp, International LLC and answers the complaint as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments of paragraph one and thus deny same and demand strict proof thereof.

2.      Defendant admits that it is organized under the laws of a state other than the State of Alabama, admits that its principal place of business is in Irving, Texas, and admits that it does business in Montgomery County.  Defendant denies the remaining averments of paragraph two.

3.      Defendant, upon information and belief, admits the averments of paragraph three.

4.    The averments of paragraph four do not appear to be directed toward this defendant, but to any extent that they are directed toward this defendant, defendant denies same and demands strict proof thereof.

5.    The averments of paragraph five do not appear to be directed toward this defendant, but to any extent that they are directed toward this defendant, defendant denies same and demands strict proof thereof.

6.    The averments of paragraph six do not appear to be directed toward this defendant, but to any extent that they are directed toward this defendant, defendant denies same and demands strict proof thereof.

7.    The averments of paragraph seven do not appear to be directed toward this defendant, but to any extent that they are directed toward this defendant, defendant denies same and demands strict proof thereof.

8.    The averments of paragraph eight do not appear to call for a response from this defendant, but if a response is required, then defendant denies such averments and demands strict proof thereof.

JURISDICTION AND VENUE

9.    Defendant admits the averments of paragraph nine.

COUNT ONE

10.    Defendant adopt and realleges by reference its responses to paragraphs one through nine of the complaint.

11.    Defendant denies that James McCants was its employee.  Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 11 and thus denies same and demands strict proof thereof.

12.    Defendant denies the averments of paragraph 12.

13.    Defendant denies the averments of paragraph 13.

WHEREFORE, defendant denies that it is liable to the plaintiffs for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it may be entitled.

<u>COUNT TWO</u>

14.    Defendant adopts and realleges by reference its responses to paragraphs one through 13 of the complaint.

15.    Defendant denies the averments of paragraph 15.

WHEREFORE, defendant denies that it is liable to the plaintiffs for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it may be entitled.

<u>COUNT THREE</u>

16.    Defendant adopts and realleges by reference its responses to paragraphs one through 16 of the complaint.

17.    Defendant denies the averments of paragraph 17.

18.    Defendant denies the averments of paragraph 18.

19.    Defendant denies the averments of paragraph 19.

20.    Defendant denies the averments of paragraph 20.

21.    Defendant denies the averments of paragraph 21.

WHEREFORE, defendant denies that it is liable to the plaintiffs for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it may be entitled.

COUNT FOUR

22.    Defendant adopts and realleges by reference its responses to paragraphs one through 21 of the complaint.

23.    Defendant denies the averments of paragraph 23.

WHEREFORE, defendant denies that it is liable to the plaintiff for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it may be entitled.

AD DAMNUM CLAUSE

24.    Defendant adopts and realleges by reference its responses to paragraphs one through 23 of the complaint.

25.    Defendant denies the averments of paragraph 25.

WHEREFORE, defendant denies that it is liable to the plaintiffs for any type or kind of damages and prays for judgment in its favor with attorney's fees, costs, and such other, further or additional relief to which it may be entitled.

**SEPARATE DEFENSES**

**FIRST SEPARATE DEFENSE**

4

Except as may be expressly stated otherwise herein, defendant DynCorp International LLC denies each and every material averment of the complaint and demands strict proof thereof.

## SECOND SEPARATE DEFENSE

Not guilty.

## THIRD SEPARATE DEFENSE

The plaintiffs' complaint and each and every cause of action stated therein fail to state claims upon which relief can be granted.

## FOURTH SEPARATE DEFENSE

The plaintiffs' claims are barred by the applicable statutes of limitations.

## FIFTH SEPARATE DEFENSE

The incident and injuries of which the plaintiffs complain were proximately caused by the acts or omissions of third parties and not by any acts or omissions of this defendant.

## SIXTH SEPARATE DEFENSE

The plaintiffs' claims are barred because plaintiff Johnny Potts assumed the risk of injury.

## SEVENTH SEPARATE DEFENSE

The plaintiffs' claims are barred because plaintiff Johnny Potts himself was guilty of contributory negligence, and his contributory negligence was a proximate cause of the incident and injuries of which plaintiffs complain.

## EIGHTH SEPARATE DEFENSE

Plaintiffs' claims for punitive damages violate the Fifth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a.   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h.    The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

i.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for

different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

## NINTH SEPARATE DEFENSE

The plaintiffs' claims for punitive damages violates the equal protection clause of Article I, §§ 1, 6, and 22 of the Alabama Constitution, and the due process clause of Article I, § 6 of the Constitution of Alabama, on the following grounds:

a.   It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the due process clause, Article I, § 6 of the Alabama Constitution;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which violates the due process clause, Article I, § 6 of the Alabama Constitution;

e.   The award of punitive damages in this case would constitute a deprivation of property without due process of law;

8

f.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses, Article I, §§ 1, 6 and 22 of the Alabama Constitution;

g.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the equal protection clause, Article I, §§ 1, 6, 22 of the Alabama Constitution;

h.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the due process and equal protection clauses, Article I, §§ 1, 6, and 22 of the Alabama Constitution; and

i.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process and equal protection clauses.

### TENTH SEPARATE DEFENSE

An award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Constitution of Alabama.

### ELEVENTH SEPARATE DEFENSE

9

The imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

### TWELFTH SEPARATE DEFENSE

Plaintiffs' claims for punitive damages violates Article I, § 13 of the Alabama Constitution.

### THIRTEENTH SEPARATE DEFENSE

The Plaintiffs' demands for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while this defendants is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

### FOURTEENTH SEPARATE DEFENSE

The imposition of punitive damages against this defendant would violate this defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon this defendant in an amount based, at least in part, upon the conduct of a co-defendant.

### FIFTEENTH SEPARATE DEFENSE

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.

Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

## SIXTEENTH SEPARATE DEFENSE

The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

## SEVENTEENTH SEPARATE DEFENSE

Punitive damages are penal in nature yet this defendant in this civil action are not afforded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

## EIGHTEENTH SEPARATE DEFENSE

Defendant denies that it is subject to personal jurisdiction in the State of Alabama.

## NINETEENTH SEPARATE DEFENSE

Defendant denies that venue is proper in the Middle District of Alabama

## TWENTIETH SEPARATE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as factual development and discovery warrant.

WHEREFORE, defendant DynCorp International LLC respectfully prays that upon final trial and hearing hereof, judgment be entered that plaintiffs take nothing by their suit, that all the relief prayed for by plaintiffs be denied, that final judgment be entered in favor of the defendant, that defendant recover from plaintiffs its costs and reasonable attorney's fees and that defendant have other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By_____s/ William Steele Holman II_____
William Steele Holman II
Bar Number: HOL051
Attorneys for defendant DynCorp International LLC
Armbrecht Jackson LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:   (251) 405-1300
Fax:              (251) 432-6843
E-mail:         wsh@ajlaw.com

Of Counsel:

William Larkin Radney III (RAD001)
Barnes & Radney PC
P.O. Box 877
Alexander City, Alabama 35010-0877
(256) 329–8438 (voice)
(251) 329-0809 (fax)
lradney@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on March ___3d_____, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Larry W. Morris
kbaker@morrishaynesandhornsby.com


Respectfully submitted,

By_____s/ William Steele Holman II_____
William Steele Holman II
Armbrecht Jackson LLP
Post Office Box 290
Mobile, Alabama 36601
Phone:        (251) 405-1300
Fax:          (251) 432-6843
E-mail:       wsh@ajlaw.com
Bar Number: HOL051