IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY POTTS and JANICE POTTS,<br>PLAINTIFFS, | *<br>*<br>* |
| v. | *     3:06-cv-00124-WHA<br>* |
| DYNCORP INTERNATIONAL LLC,<br>JAMES MCCANTS, et al.,<br>DEFENDANTS. | *<br>*<br>* |

## RESPONSE TO MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

COME NOW the Plaintiffs in the above styled cause and respond to the motion to dismiss James McCants for insufficient service of process as follows.

The motion to dismiss Mr. McCants on the basis of insufficient service of process fails on its face. *FRCP* 4(e)(1) provides in pertinent part that "service upon an individual...may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Because this action lies in the Middle District of Alabama, Alabama law applies to service in this action.

The service of process rules in Alabama were substantially amended on August 1, 2004. As of August 1, 2004, the following requirements pertained to persons served by certified mail under Alabama law:

> In the event of service by certified mail, the clerk shall place a copy of the process and complaint...to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the

addressee shall be a person described in the appropriate subdivision. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery and address where delivered. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received.

*ARCP* 4(i)(2)(b).

Under the revised rule, "restricted delivery" is not required for service on an individual as Mr. McCants claims in his motion, and accordingly, the service of process on Mr. McCants was proper.

In addition, service on Mr. McCants was complete when he acknowledged receipt of the summons and complaint. As *ARCP* 4(i)(2)(C) states:

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. *Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint ...*

(Emphasis added.)

Nor can Mr. McCants raise an objection to service on the basis that service was by certified mail rather than by special process server. *ARCP* 4(g) provides further that:

> There shall be *no* objection to the service of process or notice to litigants, that two or more modes of service of notice are provided by law or under these rules; but service of notice perfected in any one manner or mode which is provided for by law or under these rules shall be deemed sufficient, notwithstanding other modes or manner of service and notice are provided by law or under these rules.

(Emphasis added.)

Finally, even assuming *arguendo* that a requirement of restricted delivery existed, the

motion still fails because *ARCP* 4(i)(2)(C) also mandates that "an action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default." Mr. McCants admits in his motion that he received the complaint (Motion to Dismiss, ¶ 6). The return receipt indicates that it was signed on February 16, 2006. (Doc. 4, Clerk's Case File). The motion to dismiss was filed on March 8, 2006, the 20th day after the summons and complaint would have been served on Mr. McCants. Accordingly, Mr. McCants has admitted that he received notice of the action within time to avoid a default, and his motion fails for this reason as well.

For the foregoing reasons, the plaintiffs respectfully request that this Honorable Court deny the motion to dismiss Mr. McCants on the basis of improper service.

Respectfully submitted on the 29th day of March, 2006.

**MORRIS, HAYNES & HORNSBY**

/s Larry W. Morris
Larry W. Morris
Attorney for Plaintiffs
MOR007

Post Office Box 1660
Alexander City, Alabama 35011-1660
Phone: (256) 329-2000
Fax: (256) 329-2015
E-Mail: kbaker@morrishaynesandhornsby.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing in the above referenced case on the 29th day of March, 2006 by filing the same electronically with the Clerk of the Court using the CM/ECF system which will send notification of the same to all attorneys of record.

/s Larry W. Morris
Of Counsel

cc: Mr. William Steele Holman, II
Mr. John W. Clark
Armbrecht Jackson LLP
Post Office Box 290
Mobile, Alabama 36601

Mr. William Larkin Radney, III
Barnes & Radney, P.C.
Post Office Box 877
Alexander City, Alabama 35010-0877