IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS, | * | |
|     PLAINTIFFS, | * | |
| | * | |
| v. | * | 3:06-cv-00124-WHA |
| | * | |
| DYNCORP INTERNATIONAL LLC, | * | |
| JAMES MCCANTS, et al., | * | |
|     DEFENDANTS. | * | |

**REQUEST FOR PERMISSION TO CONDUCT JURISDICTIONAL DISCOVERY**

COME NOW the Plaintiffs in the above styled cause and ask this Honorable Court to permit them to conduct discovery on the issue of whether the Alabama courts have jurisdiction against James McCants, and to extend the time for them to respond to the motion to dismiss Mr. McCants on the basis of personal jurisdiction until the completion of the discovery and for grounds would show the following:

1. Upon information and belief, Mr. McCants was at one time prior to the filing of this action a resident citizen of Alabama. (Aff. Potts, Exh. A). In addition, Mr. McCants was, as recently as this year, driving a black pick-up truck with an Alabama tag on it. (Aff. Weddle, Exh. B). This information provides an ample foundation for the Court to allow the plaintiffs to conduct discovery on jurisdiction issues with respect to Mr. McCants.

2. Discovery on jurisdictional issues will permit the plaintiffs to fully ascertain the nature and quality of Mr. McCants' contacts with Alabama and if he has sustained sufficient contacts over the years to invest the Alabama courts with jurisdiction over him. Such jurisdictional discovery is allowed. *See, Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact -

for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) - may require some limited discovery before a meaningful ruling can be made.")

    2.    In both federal and Alabama courts, there are two types of *in personam* jurisdiction.

    The sufficiency of a party's contacts are assessed as follows:

> 'Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both 'continuous and systematic.' ... Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action....Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. ...'

(Citations omitted.)

    The analysis of whether the contacts between Mr. McCants and Alabama will require a two-step analysis. First, the types of contacts are examined, then the court looks to whether there are other circumstances that would render it unreasonable for the out-of-state defendant to defend the action in Alabama.

    With respect to the quality of contacts, '[a] nonresident defendant may be subjected to Alabama's general *in personam* jurisdiction if its contacts with the State, although unrelated to the cause of action, are 'continuous and systematic.'" *LaGrone*, 839 So. 2d at 627. "Where general *in personam* jurisdiction exists, the absence of 'a clear, firm nexus between the acts of the defendant and the consequences complained of,' ... so as to support specific *in personam* jurisdiction is immaterial." *LaGrone*, 839 So. 2d at 628. (Citations omitted.)

3. Under Alabama law, "only contacts occurring prior to the event causing the litigation may be considered' in determining whether a trial court may exercise personal jurisdiction over a party consistent with the Due Process clause." *Novak v. Benn*, 896 So. 2d 513, 521 (Ala. 2004), quoting *Elliott v. Van Kleef*, 830 So. 2d 726, 731 (Ala. 2002). Accordingly, even if Mr. McCants is a Georgia resident *now*, if at the time of the accident in 2004 on which this suit was based, Mr. McCants either was an Alabama resident or maintained sufficient minimum contacts with Alabama to permit the Alabama courts to have jurisdiction over him, then this Court has personal jurisdiction over Mr. McCants. However, the plaintiffs will be unable to show the existence of general *in personam* jurisdiction without the opportunity to conduct jurisdictional discovery. In particular, the plaintiffs would like to send interrogatories to the defendant, Mr. McCants, on issues related to his contacts in Alabama and to take his deposition on jurisdictional issues.

Accordingly, these premises considered, the Plaintiffs respectfully request that this Court permit them a period of time in which to conduct limited jurisdictional discovery with respect to Mr. McCants prior to their submission of a response to the motion to dismiss Mr. McCants on the basis of lack of personal jurisdiction.

Respectfully submitted on this the 29th day of March, 2006.

**MORRIS, HAYNES & HORNSBY**

Larry W. Morris
Attorney for Plaintiffs
MOR007

Post Office Box 1660
Alexander City, Alabama 35011-1660
Phone: (256) 329-2000
Fax: (256) 329-2015
E-Mail: kbaker@morrishaynesandhornsby.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing in the above referenced case on the 29th day of March, 2006 by filing the same electronically with the Clerk of the Court using the CM/ECF system which will send notification of the same to all attorneys of record.

Of Counsel

cc:   Mr. William Steele Holman, II
      Mr. John W. Clark
      Armbrecht Jackson LLP
      Post Office Box 290
      Mobile, Alabama 36601

      Mr. William Larkin Radney, III
      Barnes & Radney, P.C.
      Post Office Box 877
      Alexander City, Alabama 35010-0877

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS, | * | |
|     PLAINTIFFS, | * | |
| | * | |
| v. | * | 3:06-cv-00124-WHA |
| | * | |
| DYNCORP INTERNATIONAL LLC, | * | |
| JAMES MCCANTS, et al., | * | |
|     DEFENDANTS. | * | |

## AFFIDAVIT

My name is Johnny Potts. I am the Plaintiff in the above referenced case and make this affidavit based upon my personal knowledge. In the course of our dealings together overseas, Mr. McCants mentioned to me that he was from Monroeville, Alabama. He did not mention that his current residence at that time was anywhere else.

Done on this the 27th day of March, 2006.

_____
Johnny Potts

State of Alabama    *

County of Tallapoosa    *

Sworn to and subscribed before me on this the 27th day of March, 2006.

_____
Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY POTTS and JANICE POTTS,<br>  PLAINTIFFS,<br><br>v.<br><br>DYNCORP INTERNATIONAL LLC,<br>JAMES MCCANTS, et al.,<br>  DEFENDANTS. | *<br>*<br>*<br>*   3:06-cv-00124-WHA<br>*<br>*<br>*<br>* |

## AFFIDAVIT

My name is Philip Weddle. I am an employee of Morris, Haynes & Hornsby. I met with Mr. McCants one day a few weeks ago, before his counsel had filed an appearance in this case, at a Church's Chicken store. When I met with him, Mr. McCants got out of a black pickup truck that had an Alabama tag on it.

Done on this the 27th day of March, 2006.

_____
Philip Weddle

State of Alabama           *

County of Tallapoosa       *

Sworn to and subscribed before me on this the 27th day of March, 2006.

_____
Notary Public