IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS,   PLAINTIFFS, | * * * | |
| v. | * * | 3:06-cv-00124-WHA |
| DYNCORP INTERNATIONAL LLC, JAMES MCCANTS, et al.,   DEFENDANTS. | * * * | |

### OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COME NOW the plaintiffs in the above styled cause and ask this Honorable Court to deny the motion to dismiss James McCants from this action. For grounds, the plaintiffs would show the Court that there is sufficient evidence of Mr. McCants' ties with Alabama to permit this Court to exercise personal jurisdiction over him.

> The determination of whether or not a federal court has personal jurisdiction over a nonresident defendant involves a two step analysis...First, the court must decide whether the facts satisfy the forum state's long-arm statute. ... If the statute has been satisfied, then the court must address whether the facts show that the nonresident has minimum contacts with the forum state such that the court's exercise of jurisdiction would be fair and in accordance with the due process clause of the Fourteenth Amendment.

*Estate of Rick v. Stevens*, 145 F. Supp. 2d 1026, 1031 (N. D. Iowa 2001). (Citations omitted.)

Rule 4.2(b), Ala. R. Civ. P. states the following in pertinent part:

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States....

As the committee comments to Rule 4.2(b) note, this rule is "in effect, Alabama's 'long-arm' statute." As such, it "extends the personal jurisdiction of Alabama courts to the limits of due process under the federal and state constitutions." *Worthy v. Cyberworks Technologies, Inc.*, 835 So. 2d 972, 975 (Ala. 2002), citing *Sieber v. Campbell*, 810 So. 2d 641 (Ala. 2001).

Since Alabama's long-arm statute is co-extensive with the full constitutional limits of due process, the two-step process collapses into a single step, that of determining the extent of Mr. McCants' contacts with Alabama. As the evidence adduced herein will show, Mr. McCants' contacts with Alabama are sufficient to permit this Court to exercise general jurisdiction over Mr. McCants for the purposes of this lawsuit.

There are two types of *in personam* jurisdiction.

> 'Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both 'continuous and systematic.' ... Specific contacts, which give rise to specific jurisdiction, consist of the defendant's contacts with the forum state that are related to the cause of action....Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. ...'

(Citations omitted.)

*Ex parte LaGrone*, 839 So. 2d 620, 624-625 (Ala. 2002)

With respect to Mr. McCants, this case involves general jurisdiction. "[A] nonresident defendant may be subjected to Alabama's general *in personam* jurisdiction if [his] contacts with the State, although unrelated to the cause of action, are 'continuous and

systematic.'" *LaGrone*, 839 So. 2d at 627. "Where general *in personam* jurisdiction exists, the absence of 'a clear, firm nexus between the acts of the defendant and the consequences complained of,' ... so as to support specific *in personam* jurisdiction is immaterial." *LaGrone*, 839 So. 2d at 628. (Citations omitted.) Further, "only contacts occurring prior to the event causing the litigation may be considered' in determining whether a trial court may exercise personal jurisdiction over a party consistent with the Due Process clause." *Novak v. Benn*, 896 So. 2d 513, 521 (Ala. Civ. App. 2004), quoting *Elliott v. Van Kleef*, 830 So. 2d 726, 731 (Ala. 2002).

    Mr. McCants' personal history sufficiently demonstrates that he is subject to general jurisdiction in Alabama. Mr. McCants grew up and went to high school in Repton, Alabama, where he graduated in 1988 from Excel High School. (Dep. McCants, p. 9)[1]. He then went to college for a year in Monroeville, Alabama, after which time he went into the military. (Dep. McCants, p. 10). He was in the National Guard from June of 1989 until June of 1991, during which time he continued to live in Alabama. (Dep. McCants, p. 10-11). In June of 1991, he entered the regular Army, where he remained until August of 1994. (Dep. McCants, pp. 10-11). During that entire period of time, his home of record was Repton, Alabama. (Dep. McCants, pp. 11-12). When he left the military in August of 1994, he returned to Repton, where he worked at Chick-Dee and Wal-Mart in Monroeville, Alabama. (Dep. McCants, pp. 12-13). He returned to the regular Army in October of 1998, and stayed there until December of 2001. (Dep. McCants, pp. 14-15). As before, his home of record

---

[1] Excerpts from the deposition of James McCants are attached hereto as Exhibit 1.

was listed in Alabama. (Dep. McCants, pp. 15-16). While in Alabama, Mr. McCants had an account with Heilig Myers and a loan from Money Tree. (Dep. McCants, p. 51). In December of 2001, Mr. McCants left the military, and moved to Georgia. (Dep. McCants, pp. 15-16). However, even today, he continues to make regular visits to Alabama to visit relatives. (Exh. 2, Int. Answer #4, p. 7).

Mr. McCants has been married three times. (Dep. McCants, pp. 26-29). Each marriage took place in Alabama. (*Id.*). Mr. McCants' first marriage was to Debra Sue Millender. (Dep. McCants, pp. 26-27). There was one child from that marriage. (Dep. McCants, p. 27). Currently, the child is aged 15. Mr. McCants was divorced from Ms. Millender in 1996 in Monroeville, Alabama. (Dep. McCants, pp. 27-28; Exh. 3, pp. 1-2[2]). Mr. McCants was the plaintiff in that divorce. (Exh. 3, p. 1). As part of the divorce, he agreed to pay child support for his son until he turned 18. (Exh. 3, pp. 4-5). The Monroe County Circuit Court incorporated the child support order into its judgment of divorce. (Exh. 3, p. 2).

Mr. McCants' second marriage was to Tammie Gulley. (Dep. McCants, p. 29). That divorce also was filed in Monroeville, Alabama. (Exh. 4, p. 1). Although there were no children from the marriage, he agreed as part of the agreement between the parties that the divorce agreement would be "governed by and construed with the laws of the State of Alabama." (Exh. 4, p. 6). The agreement also contained the continuing stipulation that "the

---

[2] For the court's convenience, each of the court record exhibits attached to this motion, which will be Exhibits 3 - 6, contain only the pertinent excerpts from the certified court file.

parties shall be restrained from harassing and intimidating one another." (Exh. 4, p. 6).

In addition, Mr. McCants has been sued twice in the State of Alabama. On January 14, 1997, Mr. McCants was personally served with a lawsuit in Conecuh County Small Claims Court involving an unpaid hospital bill. (Exh. 5, p. 3). The bill was for treatment at Monroe County Hospital around November 2, 1994. (Exh. 5, pp. 6-7). Default judgment was entered against him due to his failure to defend the action on September 30, 1996. (Exh. 5, p. 8). Under §6-9-1, Code of Alabama (1975), that judgment, which to this date remains unsatisfied, may be executed on through September 30 of this year.

Mr. McCants also was sued in the Conecuh County District Court for failure to pay child support. The action lasted from July 15, 1998 through December 20, 2001. (Exh. 6, pp. 1-2). Although the action was dismissed because "Defendant is not in the state of Alabama," (Exh. 6, p. 2), Mr. McCants remembers appearing for a hearing on the issue in the Alabama court and discussing the matter with either a judge or a lawyer on the opposite side. (Dep. McCants, pp. 34-38).

Case law confirms that this history subjects Mr. McCants to the general jurisdiction of this Court. Although there is a surprising scarcity of cases discussing general jurisdiction as it applies to individual, as opposed to corporate, defendants, the case of *Estate of Rick v. Stevens*, 145 F. Supp. 2d 1026 (N. D. Iowa 2001) is instructive. In the *Rick* case, John Rick, Jr. was killed in an automobile accident in Wisconsin. Mr. Rick's estate was opened in Iowa, and suit was filed in Iowa. Two defendants, a Minnesota corporation named Valley Ridge Leasing, Inc., and a South Carolina resident named Gilmore Stevens, filed motions to

5

dismiss the action on the basis of personal jurisdiction. As in the instant case, the only issue was whether general jurisdiction applied to the two defendants.

In concluding that Mr. Stevens was subject to general jurisdiction in Iowa, the court first observed the following:

> Under the due process clause, the constitutional touchstone is whether [the defendant] has established sufficient minimum contacts with Iowa such that the exercise of jurisdiction here does not offend traditional notions of fair play and substantial justice. ... In determining minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.' ... Due process requires that the defendant have sufficient minimum contacts with the forum that the defendant will have a 'reasonable anticipation' of being haled into court in the forum. ... To create that 'reasonable anticipation,' 'there must be 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'

*Rick*, 145 F. Supp. 2d at 1031. (Citations omitted.)

The *Rick* court then noted that there were five factors to be considered in evaluating the propriety of personal jurisdiction under the due process clause:

> (1) the nature and quality of the contacts within the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents and (5) the convenience of the parties.

*Rick*, 145 F. Supp. 2d at 1032.

The *Rick* court in discussing the implications of the third factor, the relation of the cause of action to the contacts, explained that this factor determines whether general or specific jurisdiction attaches. *Rick*, 145 F. Supp. 2d at 1033-1034. If the cause of action arises out of the contacts, than that factor alone requires the attachment of specific jurisdiction. *Rick*, 145 F. Supp. 2d at 1033. However, when, as in the instant case, the cause

of action does not arise out of the contacts with the forum, then, as already noted above, general jurisdiction applies and the remaining four factors are considered. *Rick*, 145 F. Supp. 2d at 1034.

With respect to the nature, quality and quantity of Mr. McCants' contacts with the forum state, they are extensive. Mr. McCants has repeatedly availed himself of the privilege of conducting activities within Alabama. He submitted himself to the jurisdiction of the Alabama courts on at least four occasions, lived in Alabama, worked in Alabama, maintained Alabama as his home of record for his entire military career, and even today continues to visit Alabama on a regular basis and is the subject of a judgment in Alabama. By these actions, he has a "reasonable anticipation" of being haled into court in Alabama, and thus the first two factors weigh heavily in favor of this court's exercise of jurisdiction.

His contacts are even more extensive than those of the individual driver in the *Rick* case, whose contacts with Iowa were limited to his travel through the state in the course of his job as a tractor-trailer driver. *Rick*, 145 F. Supp. 2d at 1033. The driver in the *Rick* case had never lived in Iowa, been married or divorced in Iowa, been subject to a judgment for medical services he received in Iowa, gone to school in Iowa or had relatives in Iowa that he visited regularly. *Id.* Even so, the district court found that the driver's travel through, and deliveries to, Iowa were sufficient to subject him to personal jurisdiction. *Id.*

Alabama has an interest in this litigation, as Mr. Potts is a resident of Alabama who has suffered an injury that needs treatment and redress. (Complaint, ¶ 13). In addition, the convenience of the parties does not mandate this court's refusal of jurisdiction, since Mr.

McCants is a resident of the Atlanta area, (Dep. McCants, p. 8) and travel between Atlanta and Opelika, where the trial of this case will be held, is not difficult or expensive since Interstate 85 runs directly between the two cities and the travel time from Atlanta to Opelika is less then four hours.  Any minor inconvenience to Mr. McCants is outweighed by the strength and nature of his Alabama contacts.

     Based on the foregoing, the plaintiffs respectfully request that this Honorable Court deny the motion to dismiss this action on the basis of personal jurisdiction.

     Respectfully submitted on this the _____ day of July, 2006.

                                         **MORRIS, HAYNES & HORNSBY**

                                     /s Nancy L. Eady_____
                                        Nancy L. Eady
                                        Attorney for Plaintiffs
                                        EAD006

Post Office Box 1660
Alexander City, Alabama 35011-1660
Phone:  (256) 329-2000
Fax: (256) 329-2015
E-Mail:   neady@morrishaynesandhornsby.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing in the above referenced case on the 28th day of July, 2006 by filing the same electronically with the Clerk of the Court using the CM/ECF system which will send notification of the same to all attorneys of record.

                                                  /s Nancy L. Eady
                                                        Of Counsel

cc:    Mr. William Steele Holman, II
        Mr. John W. Clark
        Armbrecht Jackson LLP
        Post Office Box 290
        Mobile, Alabama 36601

        Mr. William Larkin Radney, III
        Barnes & Radney, P.C.
        Post Office Box 877
        Alexander City, Alabama 35010-0877