IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS, | § | |
| Plaintiffs, | § | Civil Action No. |
| v. | § | |
| | § | 3:06-cv-00124-WHA-CSC |
| DYNCORP INTERNATIONAL LLC, JAMES McCANTS, et al., | § | |
| | § | |
| Defendants. | | |

**DEFENDANT JAMES McCANTS'S REPLY IN SUPPORT OF
MOTION TO DISMISS**

COMES NOW defendant James McCants and submits this reply brief in support of his motion to dismiss on the grounds that personal jurisdiction over him is not proper.

This Court should not exercise personal jurisdiction over Defendant James McCants ("McCants") because he lacks sufficient minimum contacts with the State of Alabama such that any exercise of "general jurisdiction" over him would not comport with constitutional due process and would offend traditional notions of fair play and substantial justice.

**ARGUMENT**

The plaintiff concedes that specific jurisdiction is not relevant to the facts presented in this case. (*See* Plaintiffs' "Opposition To Motion to Dismiss for Lack of Personal Jurisdiction," p. 2-3) (hereinafter "Plaintiffs' Brief"). Therefore, the plaintiffs must prove

-1-

facts sufficient to justify the State of Alabama's exercise of <u>general</u> jurisdiction over McCants. *See Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990); *Cable/Home Communication v. Network Productions, Inc.*, 902 F.2d 829, 857 n.41 (11th Cir. 1990). "The burden of establishing personal jurisdiction is on the plaintiff." *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala.*, 923 F.Supp. 1524, 1527 (S.D. Ala. 1996).

I. **McCants's contacts with the State of Alabama are not sufficient to warrant the exercise of personal jurisdiction over him by Alabama courts.**

General jurisdiction may be exercised when a defendant's contacts with the forum are sufficiently numerous, purposeful, systematic and continuous that an assertion of power over the defendant by that state's courts would not be unfair regardless of whether the litigation itself was related to the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n. 9 (1984). If general jurisdiction is established, no connection whatever need be shown between the state and the claim in order for the defendant to be summoned before that forum's courts. *Id.*

McCants's relations with Alabama have not been so numerous, purposeful, systematic and continuous that an exercise of general jurisdiction is justified. The list of McCants's contacts provided by the plaintiffs is not sufficient for a finding of general jurisdiction. The plaintiffs allege that this Court may exercise jurisdiction because Alabama was McCants's former residence, he was at one time subject to this state's courts, and because his parents still live in Alabama. It is not reasonable to assume general jurisdiction over a defendant

based upon these alleged contacts when the cause of action has no connection to the forum whatsoever; i.e., the contacts alleged by the plaintiff are not "sufficiently systematic and continuous to support a finding of general jurisdiction." *Ex parte Kamilewicz*, 700 So. 2d 340, 344 (Ala. 1997) (quoting *Ex parte United Brotherhood of Carpenters & Joiners of America, AFL-CIO*, 688 So. 2d 246, 250-52 (Ala. 1997)).

In *Helicopteros Nacionales*, a Colombian corporation was named a defendant in Texas in a wrongful death action brought by a Texas resident. 466 U.S. 408, 417 (1984). The corporate defendant had no place of business in Texas and was not licensed to conduct business there. *Id.* This is similar to McCants, who has no residence in the State of Alabama and has no business connections in this State. However, the Supreme Court found a number of contacts between the nonresident corporate defendant and the State of Texas, including that the defendant's chief executive officer went to Houston to negotiate a major contract with a Texas company; the company received a $5 million payment drawn on a Texas bank; it purchased 80 percent of its helicopter fleet, along with other services and equipment, from a Texas company, and sent personnel to Texas for training. *Id.* The Supreme Court found that this constituted a single large contact with the State, and it was not sufficient to grant Texas general jurisdiction over the nonresident defendant. In fact, the Supreme Court has upheld general jurisdiction only once. 16 *Moore's Federal Practice*, § 108.41[3] (Matthew Bender 3d ed.) (referring to *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

In the case at present, there are no major contacts, no business contacts and no legal contacts following 2001, when McCants left Alabama. McCants has fewer contacts with the

State of Alabama than the nonresident defendant in *Helicopteros Nacionales* had with Texas.

In *Johnston v. Frank E. Basil, Inc.*, 802 F.2d 418, 419 (11th Cir. 1986), the Eleventh Circuit affirmed the opinion of Judge Hand of the Southern District of Alabama based upon Judge Hand's previous order. 802 F.2d at 419. In that case, the nonresident defendant was not licensed to do business in the state and did no business in the state. *Id.* It had no office, telephone listing, post office box, street address, bank accounts or customers in the State of Alabama and derived no income from the state. *Id.* It neither owned nor leased property in the state, and all of the events related to the plaintiff's claims took place outside of Alabama. *Id.*

In *Johnston*, the nonresident defendant had advertised employment in an Alabama newspaper and sent an agent to the state to interview potential candidates. *Id.* Judge Hand stated: "[t]o hold that these defendants have subjected themselves to the judicial jurisdiction of Alabama by the simple act of employing an Alabama resident to perform services not within the state," where the contract is governed by the law of another jurisdiction and performed in another jurisdiction, "would be totally inconsistent with the United States Constitution." *Id.* at 420-21. *See also Wilson v. Belin*, 20 F.3d 644, 650-51 (5th Cir. 1994) (detailed discussion of the rationale behind the holding of the Supreme Court in *Perkins* and a rejection of general jurisdiction over nonresident defendants with contacts including work projects in the forum state, visits to the forum state and carrying insurance in the forum state).

Although *Johnston* involved a corporate defendant, its facts are somewhat analogous

to the case presently before this Court. McCants does not own real property in Alabama, does not maintain bank accounts in Alabama, does not own a home in Alabama, is not employed with in the state of Alabama and derives none of his income from the state of Alabama. (Affidavit of James McCants, ¶ 4). The only recent contacts McCants has with this state are his visits to his parents.

Few Alabama cases have examined when a nonresident defendant's contacts will be "sufficiently systematic and continuous to support a finding of general jurisdiction" over that defendant. *Kamilewicz*, 700 So. 2d at 344. Those cases that have addressed the issue have focused their analysis on the profit-seeking nature of the defendant's contacts, finding jurisdiction over those defendants that "initiated contacts with the state solely for their own profit, availing themselves of the privileges of conducting business here." *Id.*

As in *Helicopteros Nacionales* and *Johnston*, McCants's contacts with the State of Alabama are insufficient for an Alabama court to assume general jurisdiction over him. Also, McCants's only contacts were those related to his family. He had no financial motive related to his contacts with the State of Alabama, placing him outside of the primary reason Alabama courts have found general jurisdiction over a nonresident defendant. Accordingly, for all of the above stated reasons, the assertion of personal jurisdiction over McCants based upon his contacts with this state is not proper.

**II.   All of McCants's material contacts cited by the Plaintiffs are from 2001 or earlier and are merely the typical contacts of a resident with his home state and have no relevance to McCants's current contacts with the State of Alabama.**

If this Court finds that the facts stated by the Plaintiff may provide sufficient contacts for the exercise of general jurisdiction, then it becomes imperative to note the timing of the contacts provided by the plaintiffs. The crux of the plaintiffs' argument is that McCants has subjected himself to the jurisdiction of the State of Alabama through his actions up to 2001. (Plaintiffs' Brief, p. 3-5).

McCants grew up in Repton, Alabama, and Repton remained his domicile throughout his first tour in the United States Army. He was married in Alabama three times and was divorced twice in the State. However, the plaintiffs cannot refer to any activities purposefully undertaken by McCants in the State of Alabama after 2001, save visits to his parents in Repton. (Plaintiffs' Brief, p. 3-5). In short, since 2001 McCants has taken no action that would evince his "purposeful[] avail[ment] of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977). *See, e.g., Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. Ct. App. 1995) ("former residence and contacts in Texas did not avail [the defendant] of the benefits and protections of the State after that residency was relinquished").

Though controlling only on the issue of determining diversity jurisdiction, precedent related to a defendant's domicile may be instructive and provide persuasive reasoning in a case where an individual nonresident defendant is sued in a foreign state. As of 2001, McCants's domicile was the State of Alabama. However, once established a person's domicile may be altered upon the "concurrent showing of both (1) physical presence at a new

location, and (2) intent to remain there indefinitely." *Peacock v. Merrill*, 2005 WL 2233466, *7 (S.D. Ala. 2005) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002)). McCants considers himself a Georgia resident. (McCants Depo. p. 139). The fact that this case is in this Court provides evidence that the plaintiffs concede McCants' domicile is now the State of Georgia. If McCants were not domiciled in Georgia, then complete diversity would not be present and this Court would lack subject matter jurisdiction. *See* 28 U.S.C. § 1332(a) (2005) (a District Court has original jurisdiction where the amount in controversy exceeds $75,000.00 and is between (1) citizens of different states); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806), *overruled on other grounds*, 43 U.S. (2 How.) 497 (1844); *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1542 (11th Cir. 1993) (complete diversity between the parties required under § 1332).

In this instance, common sense dictates that if McCants's intent in 2001 was to become domiciled in Georgia, then he was no longer taking advantage of the benefits and protections of Alabama law. As such, his contacts with the State of Alabama prior to his change in domicile are not relevant. Only the nonresident defendant's contacts with the forum state, in which he purposefully availed himself of the laws of that state ***following*** his change of domicile, should be considered when debating the exercise of general jurisdiction.

If the plaintiffs' position is taken down the slippery slope, then every person would be subject to the laws of any state in which he had resided at some point in his past. There would be no foreseeable end to that former residence's jurisdiction over its former citizen.

In order to meet the requirements of general jurisdiction, the defendant's contacts must be "sufficiently numerous, purposeful, systematic and continuous." *Helicopteros*, 466 U.S. at 414-15 & n.9. In this situation, the plaintiffs are completely lacking any evidence of ***continuous*** contacts with the State of Alabama. The plaintiffs cite ***no*** contacts beyond 2001, and the pre-2001 contacts are merely consistent with the fact that McCants was an Alabama resident at the time.

### III. Plaintiffs have failed to provide support to meet their required burden of proof showing that McCants is subject to personal jurisdiction in the State of Alabama.

Furthermore, assuming that the pre-2001 contacts supplied by the plaintiffs are relevant and may be sufficient to grant jurisdiction, the plaintiffs' reliance on *Estate of Rick v. Stevens*, 145 F.Supp. 2d 1026 (N.D. Iowa 2001), is misplaced.

*Estate of Rick* involved an automobile accident in Wisconsin. 145 F.Supp. 2d at 1029. The estate of the decedent was in Iowa, and the relevant defendant, Gilmore Stevens, was the driver of a semi-trailer truck and a resident of South Carolina. *Id*. The plaintiffs alleged that Stevens made dozens of trips through Iowa or to pick up or deliver freight in the course of his employment. *Id.* at 1030.

First, the *Estate of Rick* court's primary focus was on a five-factor test employed by the Eighth Circuit and not binding in this case. *See id.* at 1032 (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995)) (the five factors relevant to a due process analysis of personal jurisdiction in that

circuit are: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts with the forum state, (3) the relation of the cause of action of action to the contacts, (4) the interest of the forum state in providing a forum for its residents, and (5) the convenience for the parties). The court's main thrust in the opinion is the impact of the third factor, and the defendants' argument that a lack of a relationship between the contacts of the defendant with the forum state and the cause of action was controlling. *Id.* at 1033.

The factor discussed at length in *Estate of Rick* does not weigh heavily where general jurisdiction, as opposed to specific jurisdiction, is the only available means of acquiring jurisdiction over a defendant. However, even where general jurisdiction is invoked, the complete lack of a nexus between the plaintiffs' chosen forum and the cause of action should be examined.

McCants transported the persons whom his employer instructed him to transport while in Iraq. He had no control over whom his employer instructed to transport. If McCants intentionally conveyed only Alabama residents while in Iraq, then a different outcome conceivably could be appropriate. However, it was pure happenstance that he transported an Alabama resident and that he himself happened to be a former resident of this State. That fortuitous connection is not enough to show a connection to Alabama sufficient for the exercise of personal jurisdiction. *See, e.g., Telford Aviation, Inc. v. Raycom National, Inc.*, 122 F.Supp. 2d 44 (D. Me. 2000) (Alabama user of charter air services not subject to personal jurisdiction in Maine; while the Alabama resident did pay contracts in Maine and directed requests to Maine as well, his contacts with that state were purely fortuitous because

the charter owner decided to administer the contract from its Maine office).

Assuming arguendo that the five-factors set out by the Eighth Circuit are applicable here, which McCants does not concede, the *Estate of Rick* court premised its finding of general jurisdiction on the <u>present</u> contacts of the defendant with the forum state <u>at the time the cause of action accrued</u>. *See id.* at 1033.  This case presents a situation clearly different from that before the court in *Estate of Rick*.  The majority of the contacts of McCants with Alabama cited by the Plaintiff are over five years old and relate to a time when the defendant was still a resident of the forum state.

A defendant's minimum contacts cannot be viewed purely as a static measure.  A defendant's past contacts with the forum state must be examined.  However, in *Estate of Rick*, the defendant's contacts with the forum state were continuous up the time of the auto accident at issue in the suit.  *Id.*  At no time did the nonresident defendant in *Estate of Rick* make any effort to discontinue his contacts with the forum state.

Here, McCants left the State of Alabama and created a new permanent domicile in the State of Georgia.  The plaintiffs concede as much in that they filed this case as a diversity action under § 1332.  The plaintiffs cannot cite any contacts McCants had with the State of Alabama at the time of the accident, beyond his regular visits to his parents.  Intermittent visits to friends and family in a state can hardly amount to a present intent to purposefully avail oneself of the protection of the laws of that state.  *See, e.g., Helicopteros Nacionales*, 466 U.S. at 416-17 and discussion at p. 3-4, *supra* (examining the lack of sufficient contacts of the Colombian nonresident defendant with the forum state to exercise general jurisdiction).

In summary, from before the time of the accident to the present day, McCants has had no contact with the State of Alabama other than his family visits, and that contact is not sufficient to exercise general jurisdiction.

## CONCLUSION

McCants has no current contacts with the State of Alabama, except visits to his parents in Reston, Alabama. He has been a citizen of the State of Georgia since 2001, and the plaintiffs have provided this Court no evidence to the contrary. The plaintiffs have not met, and cannot meet, their burden to establish personal jurisdiction over McCants by an Alabama court. McCants does not have the minimum contacts necessary to justify the exercise of general jurisdiction over him by the State of Alabama.

WHEREFORE, Defendant James McCants prays that this Court GRANT his motion and DISMISS the complaint against him on the grounds that he is not subject to personal jurisdiction in the State of Alabama.

Respectfully submitted,

By_____/s/ Wm. STEELE HOLMAN II_____
William Steele Holman II
Bar Number: HOL051
John W. Clark IV
Bar Number: CLA087
Attorneys for defendant James McCants
Armbrecht Jackson LLP
Post Office Box 290

|  |  |
|---|---|
|  | Mobile, Alabama 36601 |
|  | Telephone: (251) 405-1300 |
|  | Fax: (251) 432-6843 |
|  | E-mail: wsh@ajlaw.com |
|  | jwc@ajlaw.com |
| Of Counsel: | William Larkin Radney III |
|  | Bar Number: RAD001 |
|  | Barnes & Radney PC |
|  | P.O. Box 877 |
|  | Alexander City, Alabama 35010-0877 |
|  | (256) 329–8438 (voice) |
|  | (251) 329-0809 (fax) |
|  | lradney@bellsouth.net |

## CERTIFICATE OF SERVICE

I certify that on August 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Larry W. Morris
>kbaker@morrishaynesandhornsby.com
>Nancy M. Eady
>neady@morrishaynesandhornsby.com
>Morris, Haynes & Hornsby
>PO box 1660
>Alexander City, Alabama 35011-1660


By      /s/  John W. Clark IV

# 461062