UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JOHNNY POTTS AND JANICE POTTS,** | * |
| **PLAINTIFFS,** | * |
| | * |
| vs. | *   CV-06-00124-WHA-CSC |
| | * |
| **DYNCORP INTERNATIONAL, LLC;** | * |
| **DYNCORP INTERNATIONAL, FZ-LLC;** | * |
| **JAMES MCCANTS, an individual;** | * |
| **DEFENDANTS.** | * |

**FIRST AMENDED COMPLAINT**

COME NOW the Plaintiffs and file this First Amended Complaint in the above referenced action:

1. The Plaintiff, Johnny Potts, is an adult resident citizen of Alexander City in Tallapoosa County, Alabama. The Plaintiff, Janice Potts, is an adult resident citizen of Alexander City in Tallapoosa County, Alabama. Johnny and Janice Potts are married, and were married at the time the incident made the basis of this suit occurred. At the time of the incident made the basis of this suit, Johnny Potts was an employee of Worldwide Network Services, Inc.

2. The Defendant, DynCorp International, L.L.C., ("DynCorp"), is a foreign corporation by virtue of being incorporated in a state other than Alabama and having its principal place of business in Irving, Texas. The Defendant, DynCorp, did business by agent in Montgomery County at the time of the accrual of the cause of action.

3. The Defendant, DynCorp International FZ-LLC, is a foreign corporation by virtue of being incorporated in a place other than Alabama. The Defendant, DynCorp International FZ-LLC ("Dyncorp FZ") is a subsidiary of Defendant DynCorp International,

L.L.C., and did business by agent in Montgomery County at the time of the accrual of the cause of action.

    4.       The Defendant, James McCants, is a resident citizen of Marietta, GA.

## JURISDICTION AND VENUE

    5.       This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (a)(3) and 28 U.S.C. § 1391(c ).

## COUNT ONE
## PERSONAL INJURY:
## NEGLIGENCE & WANTONNESS OF JAMES MCCANTS

    6.       The Plaintiffs reaver and reallege all of the allegations in the original Complaint and the preceding paragraphs of this Complaint as if set out in full herein.

    7.       On or about the 3rd day of September, 2004, the Plaintiff, Johnny Potts, as an employee of Worldwide Network Services, Inc., was traveling east in a convoy on the primary road from Trebil, Jordan to Baghdad, Iraq. Mr. Potts was in the convoy in order to perform work on behalf of his employer, Worldwide Network Services, Inc. The convoy consisted of five cars. Mr. Potts was in the car driven by the Defendant, James McCants, an employee of DynCorp. The convoy reached its destination in Iraq, where Mr. Potts performed the job required of him, and then Mr. Potts returned to the car with James McCants driving. All throughout the trip both going and coming, Mr. McCants had been driving the car at a high rate of speed, in excess of 160 kilometers per hour, which is equivalent to 99 miles per hour. On the return trip, while Mr. McCants was driving at this high rate of speed, the vehicle came

across a dog crossing the road. Mr. McCants, without slowing his speed, swerved to miss the dog, which caused the vehicle he was driving and in which Johnny Potts was a passenger to flip several times and burst into fire.

8. The conduct of the Defendant, James McCants, as described herein, was wrongful, negligent and/or wanton and renders James McCants liable to the Plaintiffs.

9. As a proximate result of the negligence and/or wantonness of the Defendant, James McCants, the Plaintiff, Johnny Potts, suffered the following injuries:

> The Plaintiff, Johnny Potts, suffered serious damage to his body; his body was bruised, contused, battered and made sore; he suffered a broken right tibia and fibula; he has been caused to miss time from work and will continue to have to do so in the future; his leg is permanently disfigured; he was caused to incur medical and hospital bills and will continue to have to do so in the future.

WHEREFORE, the Plaintiffs demand judgment against the Defendant, James McCants, for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT TWO
## PERSONAL INJURY:
## NEGLIGENCE & WANTONNESS OF DYNCORP INTERNATIONAL, LLC and DYNCORP INTERNATIONAL FZ-LLC

10. Plaintiffs reaver and reallege all of the allegations in the original Complaint and the preceding paragraphs of this First Amended Complaint as if set out in full herein.

11. On or about September 3, 2004, James McCants was an employee of DynCorp International, LLC and/or DynCorp FZ acting within the line and scope of his employment when he was driving the vehicle in which Mr. Potts was riding. As a result of Mr. McCants' negligent and/or wanton conduct as described above in paragraphs 7 and 8, Mr. Potts was caused to suffer the injuries outlined in paragraph 9. DynCorp and Dyncorp FZ are liable for the negligence and/or wantonness of the Defendant, James McCants, under the doctrine of

respondeat superior.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, DynCorp, and Dyncorp FZ for damages in an amount that would be mete, just and proper under the circumstances.

### COUNT THREE
### PERSONAL INJURY:
### NEGLIGENT AND/OR WANTON HIRING, TRAINING AND SUPERVISION

12. The Plaintiffs reaver and reallege all of the allegations in the original Complaint and in the preceding paragraphs of this First Amended Complaint as if set out in full herein.

13. The Plaintiffs aver that the Defendants, DynCorp International, LLC and/or Dyncorp FZ, were negligent and/or wanton in the hiring of James McCants.

14. The Plaintiffs aver that inadequate screening, testing, background checks and other such methods were used by the Defendants, DynCorp International, LLC, and/or DynCorp FZ, prior to extending an offer of employment to the Defendant, James McCants.

15. The Plaintiffs further aver that the Defendants, DynCorp and/or Dyncorp FZ, were negligent and/or wanton in their training or supervision of the Defendant, James McCants.

16. The Plaintiffs further aver that the Defendants, DynCorp and/or Dyncorp FZ, knew or should have known of Mr. McCants' unfitness for employment and employed him, or continued to employ him, anyhow.

17. DynCorp's and Dyncorp FZ's negligent hiring, training and supervision of James McCants was a proximate cause of the injuries to the Plaintiff, Mr. Potts, as set forth in paragraphs 7-9.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, DynCorp and

Dyncorp FZ for damages in an amount that would be mete, just and proper under the circumstances.

## COUNT FOUR:
## LOSS OF CONSORTIUM

18.   The Plaintiffs reaver all of the allegations of the original Complaint and the previous paragraphs of this First Amended Complaint as if set out in full herein.

19.   At all times pertinent to this lawsuit, Janice Potts has been the wife of Johnny Potts. As a result of the serious injuries to her husband, Johnny Potts, Janice Potts has lost the consortium, support, services, companionship and affection of her husband.

WHEREFORE, the Plaintiff Janice Potts demands judgment for compensatory and punitive damages against each of the named Defendants separately and severally in an amount to be determined by the jury, plus the cost of this action.

## AD DAMNUM CLAUSE

20.   The Plaintiffs, Johnny Potts and Janice Potts, reallege and adopt all of the allegations of the original Complaint and the preceding paragraphs of this First Amended Complaint as if set out in full herein.

21.   The Plaintiffs allege that the conduct of the Defendants, DynCorp International, LLC, Dyncorp FZ and James McCants combined and concurred to cause the injuries to the Plaintiffs Johnny Potts and Janice Potts. As a  proximate consequence of the negligence, wantonness, negligent hiring, training and supervision and wanton hiring, training and supervision and other wrongful conduct of the Defendants, the Plaintiff Johnny Potts was seriously injured and his wife, Janice Potts, suffered loss of consortium, companionship and other damages as stated previously herein.

WHEREFORE, the Plaintiffs, Johnny Potts and Janice Potts, demand judgment for compensatory and punitive damages against each of the named Defendants, separately and severally, in an amount to be determined by the jury that is mete, just and proper.

Done this the 15th day of September, 2006.

**MORRIS, HAYNES & HORNSBY**

/s Larry W. Morris
Larry W. Morris, MOR007
Attorney for Plaintiffs

Post Office Box 1660
Alexander City, Alabama 35011-1660
(256) 329-2000

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL CAUSES IN THE ABOVE FIRST AMENDED COMPLAINT.**

/s Larry W. Morris
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing in the above referenced case on the 15th day of September, 2006 by filing the same electronically with the Clerk of the Court using the CM/ECF system which will send notification of the same to all attorneys of record.

/s Larry W. Morris
Of Counsel