IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS, | § | |
| Plaintiffs, | § | |
| | | Civil Action No. |
| v. | § | |
| | | 3:06-cv-00124-WHA-CSC |
| DYNCORP INTERNATIONAL LLC, | § | |
| JAMES McCANTS, et al., | | |
| | § | |
| Defendants. | | |

DEFENDANT DYNCORP INTERNATIONAL LLC'S
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

COMES NOW defendant DynCorp International LLC ("DI") and moves the Court to deny the plaintiffs leave to amend their Complaint to include DynCorp International FZ-LLC ("DIFZ") as an additional defendant on the ground that the applicable statute of limitations expired before the plaintiffs filed their motion to amend.[1]

**Introduction and Summary of Grounds for Opposition**

The plaintiffs' claims arise out of an auto accident in Iraq on September 3, 2004. Assuming for the sake of argument that Alabama's statutes of limitation apply, the applicable limitations period would be two years, and that period in this case expired on

---

[1] Defendant's opposition to the plaintiffs' motion to amend is without prejudice to defendant's assertions that the Court lacks subject matter jurisdiction and that this dispute is non-justiciable because it constitutes a political question. Defendant expressly reserves unto itself and does not waive those defenses.

September 3, 2006. The plaintiffs seek to add DIFZ as an additional party-defendant through their "Motion to Amend Complaint" dated September 15, 2006. Since the limitations period expired before that date, the plaintiffs' motion to amend should be granted only if the addition of the party relates back to the original filing date under Fed. R. Civ. P. 15.

The liberal amendment provisions of FRCP 15 were not designed to allow plaintiffs unlimited time in which to amend a complaint when they learn an unjoined defendant's identity within the limitations period. In this case the plaintiffs received notice that DIFZ was driver James McCants's actual employer on April 20, 2006, when DI served upon plaintiffs a copy of McCants's employment contract with DIFZ with its initial disclosures. As plaintiffs lacked due diligence in timely amending their complaint after learning the true employer, the Court should deny the plaintiffs' untimely motion to amend to join DIFZ.

<u>**Narrative Summary of Undisputed Facts**</u>

The incident upon which this suit is based took place in Iraq on a highway between Trebil, on the Jordanian border, and Baghdad. (*See* Complaint ¶ 11). On or about September 3, 2004, the Plaintiff was riding in a vehicle driven by James McCants ("McCants") and was involved in an accident. (*Id.*). The only defendants named in the suit were DI and McCants. (*See id.*).

In its answer to the complaint, DI stated, "Defendant denies that James McCants was its employee." (Answer, ¶ 11). The answer was filed on March 3, 2006. In accordance with

2

Rule 26(f) of the Federal Rules of Civil Procedure, the parties met on March 23, 2006, and subsequently filed a report of that meeting with the Court on that date. (Report of Parties' Rule 26(f) Planning Meeting) ("Planning Meeting Report") (attached as Exhibit A). In the Planning Meeting Report, DI denied that it employed McCants. (Planning Meeting Report, p. 2).

DI served its initial disclosures on the plaintiffs on April 20, 2006. (DI's Disclosures Pursuant to Rule 26(a)(1), p. 4) ("Initial Disclosures") (attached as Exhibit B). Those disclosures contained McCants's employment contract with DynCorp International Free Zone LLC (DIFZ). (*See* Initial Disclosures).

The plaintiffs deposed James McCants on June 13, 2006. (Deposition of James McCants, p. 1) ("McCants Depo.") (relevant portions attached as Exhibit C). During the course of his deposition, McCants acknowledged that his employer was DIFZ, not DI. (McCants Depo. p. 139).

## Argument

In a diversity action, federal procedural rules govern the proceedings, but state law still applies to the substantive claims. *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 963 (11th Cir. 2001). State statutes of limitations are considered substantive law. *See, e.g., Id.*, 254

F.3d at 963 (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945)). Under the Alabama choice of law rules, the law of the forum in which the tort occurred should be applied. *Fitts v. Minnesota Mining & Manufacturing Co.*, 581 So. 2d 819, 820 (Ala. 1991) (rejecting the Restatement (2nd) approach and upholding the traditional Alabama choice of law rule for torts of *lex loci delicti*). Based upon the foregoing, DI does not concede that Alabama law should be applied to the claims of the plaintiffs, but will assume for purposes of argument that the Alabama statutes of limitation apply. To the best of the defendant's knowledge, no discernable Iraqi statute of limitations law existed at the time of the events made the basis of this action.

Alabama law provides a general two-year statute of limitations for claims such as the plaintiffs alleged in this action. *See Ala. Code* 6-5-38(*l*) (1975). The accident made the basis of the plaintiffs' claims occurred on September 3, 2004. Thus, the statute of limitations ran on September 3, 2006. The plaintiffs' attempt to add an additional defendant on September 15, 2006, came almost two weeks beyond the limitations period.

The Federal Rules of Civil Procedure allow amendments of pleadings to relate back to time of the filing of the original complaint under certain circumstances. *See Fed. R. Civ. P.* 15. An amendment after the limitations period has run must meet the requirements of Fed. R. Civ. P. 15(c) if it is to relate back to the original filing date. Rule 15(c) allows the addition of a party to relate back under two circumstances:

(1)     if relation back is permitted by the law that provides the statute of limitations, *Fed. R. Civ. P.* 15(c)(1); or

(2)     if the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, *and* if the party to be added (A) received notice of the institution of the action within the period outlined in Rule 4(m) [120 days], such that the party will not be prejudiced by defending the action on its merits, *and* (B) the party added knew or should have known that, but for a mistake on the part of the plaintiff as to its identity, it was the proper party against whom the plaintiff intended to bring the action. *Fed. R. Civ. P.* 15(c)(3).

The plaintiffs cannot meet the standards of either Rule 15(c)(1) or Rule 15(c)(3). The plaintiffs' attempted amendment is barred by the statue of limitations and their motion to amend should be denied.

## I.     Rule 15(c)(1) and Alabama law of relation back bar the amendment.

Alabama federal courts sitting in diversity must apply Alabama's fictitious party rules when considering relation back under Fed. R. Civ. P. 15(c)(1). *Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001). In general, as Rule 15 of the Alabama Rules of Civil Procedure is similar to the Federal Rule, the same standards apply to relation back in Alabama as would apply in federal court. However, Alabama Rule 15(c)(4) also provides

for relation back where such is "permitted by principles applicable to fictitious party practice pursuant to [Alabama Rule of Civil Procedure] Rule 9(h)." *Ala. R. Civ. P.* 15(c)(4). Alabama Rule 9(h) provides that a plaintiff may amend its pleadings to include the true name of a party, if the plaintiff was ignorant of the name of the opposing party. *Ala. R. Civ. P.* 9(h); *Saxton*, 254 F.3d at 964.

"In order for the substitution to relate back, the plaintiff must show he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it." *Saxton*, 254 F.3d at 965 (citing *Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372-73 (Ala. 1992)). Accordingly, the substitution of a true party for a fictitiously named defendant only relates back when four requirements are met:

> (1)     the original complaint adequately described the fictitious defendant;
>
> (2)     the original complaint stated a claim against the fictitious defendant;
>
> (3)     the plaintiff was ignorant of the true identity of the defendant; and
>
> (4)     the plaintiff used due diligence to discover the defendant's true identity.

*Id.* (citing *Jones*, 604 So. 2d at 372-73). For the purposes of this opposition brief, it may be assumed that the original complaint described DIFZ adequately and stated a claim against them, though DI does not concede these facts. The third and fourth requirements, however, prevent the plaintiffs from amending their complaint to add an additional defendant.

6

The due diligence requirement is not designed to punish the plaintiff who is truly ignorant of the identity of a defendant, but only to prevent plaintiffs from making fictitious allegations and subsequently failing to adequately investigate those claims, in effect creating an open-ended statute of limitations period for themselves. *McGhee v. Martin*, 892 So. 2d 398, 410 (Ala. Civ. App. 2004) (quoting *Kinard v. C.A. Kelly & Co.*, 468 So. 2d 133, 135 (Ala. 1985)). It is the duty of the plaintiff to determine the identity of the correct defendants *prior* to the running of the statute of limitations. *See Crowl v. Cayo Oil Co.*, 848 So. 2d 930, 937 (Ala. 2002); *Kinard*, 468 So. 2d at 135; *McGhee*, 892 So. 2d at 410. The plaintiff cannot merely make fictitious allegations in order to extend the limitations period but, instead, must diligently attempt to identify the defendants intended to be named in the complaint. *See Crowl*, 848 So. 2d at 937.

In addition, the Alabama Supreme Court has refused to allow the substitution of a named party for a fictitious party where the plaintiff had knowledge of the correct defendant prior to the running of the statute of limitations, yet neglected to amend the complaint until the statute had run. *See Ex parte Chemical Lime of Alabama, Inc.*, 916 So. 2d 594, 598 (Ala. 2005) (plaintiffs did not use due diligence in timely naming defendant in place of fictitious party where the plaintiff had access to comprehensive reports of the United States Department of Labor Mine Safety and Health Administration and the United Mine Workers of America at least eight months prior to running of the limitations period); *Pearson v. Brooks*, 883 So. 2d 185, 187-88 (Ala. 2003) (where plaintiff knew the identity of the

defendant to be added, but was ignorant of his claim against that defendant, relation back under fictitious party practice is improper); *Marsh v. Wenzel*, 732 So. 2d 985, 989-90 (Ala. 1998) (when identity of physician attempted to be substituted for fictitious party was listed on plaintiff's medical records, of which the plaintiff was in possession, plaintiff could not properly substitute defendant physician beyond limitations period).

The Alabama law on this matter is clear.  The plaintiffs were put on notice that DI was not McCants's employer through the Answer filed on March 3, 2006 and the Planning Meeting Report of March 23, 2006, some six months before the statute ran.  The Initial Disclosures, produced on April 20, 2006, and McCants's deposition, taken on June 13, 2006, identified McCants's true employer to the plaintiffs, more than four and two months, respectively, before the limitations period ran. The plaintiffs were well aware of the true identity of McCants's employer prior to the running of the limitations period.  Even without the Initial Disclosures and McCants's testimony, the plaintiffs should have been on notice from the Answer and the Planning Meeting Report that they should propound an interrogatory seeking the identity of McCants's employer.

The plaintiffs failed to use due diligence in naming the correct defendant and, as a result, relation back is not permitted under Alabama law.  Accordingly, relation back is not permitted under Rule 15(c)(1) of the Federal Rules of Civil Procedure, and the plaintiffs' motion to amend their complaint should be denied.

**II.    Relation back under Rule 15(c)(3) is not be applicable because the plaintiffs made no "mistake" in failing to name DIFZ.**

Rule 15(c)(3) of the Federal Rules of Civil Procedure allows amendments to pleadings to relate back where the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, *and* the party to be added received notice of the institution of the action within 120 days of the institution of the action, *and* the party added knew or should have known that, but for a mistake as to its identity on the part of the plaintiff, it was the proper party against whom the plaintiff intended to bring the action. *Fed. R. Civ. P.* 15(c)(3).

DI concedes that the claim asserted against DIFZ arose out of the same transaction set forth in the original pleading. Also, upon information and belief, DIFZ likely received notice of the institution of the action within 120 days of the filing of the complaint and knew, or should have known, that it was the party against whom the plaintiff intended to bring this action. However, there was no "mistake" on the part of the plaintiff.

In *Schiavone v. Fortune*, 477 U.S. 21 (1986), the United States Supreme Court set out the standard for relation back under Rule 15(c). The Eleventh Circuit Court of Appeals discussed this standard in *Hill v. United States Postal Service*, 961 F.2d 153 (11th Cir. 1992). The Supreme Court described four elements that were necessary for an amendment to properly relate back, including "(3) that party must or should have known that, but for *a mistake concerning identity*, the action would have been brought against it." *Hill*, 961 F.2d

9

at 155 (emphasis added). A number of federal courts have found that there was no "mistake" on the part of the plaintiff where the plaintiff had knowledge of the identity of the defendant intended to be named prior to the running of the statute of limitations. *See Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857-58 (9th Cir. 1986) (plaintiff's amendment did not relate back because Rule 15(c) was not designed to aid a party who failed to use reasonable diligence); *Kemper v. Ureco*, 1991 WL 1251798, *3 (E.D. Pa. 1991) (where the plaintiff was provided with information soon after filing his claim regarding the proper defendant, the court found "that the defendant and the proposed defendant may have believed plaintiff made a deliberate choice rather than a 'mistake' in deciding not to join [the new defendant]."); *Keller v. U.S.*, 667 F.Supp. 1351 (S.D. Cal. 1987) (no relation back where the potential defendant was aware of the action in the required time, but could have viewed the plaintiff's failure to amend to include him as an intentional decision not to sue, as opposed to a mistake as to identity); *Potts v. Allis-Chalmers Corp.*, 118 F.R.D. 597 (N.D. Ind. 1987) (if plaintiff should have been aware of defendant's identity at the outset of the suit, then delay in amending complaint can be viewed as a strategic decision rather than a mistake); *Curry v. Johns-Manville Corp.*, 93 F.R.D. 623 (E.D. Pa. 1982) (where third-party defendant was brought into suit five months before the running of the limitations period, but the plaintiff failed to add that party as a direct defendant until after the statute had run, the third-party defendants could have inferred that the actions of the plaintiff were a deliberate tactical choice, not a mistake).

DI also informed the plaintiffs that it was not McCants's employer in DI's Answer and the parties' report of their 26(f) planning meeting in March 2006. The plaintiffs learned, or should have discovered, the identity of DIFZ as McCants's employer when DI served its initial disclosures in April 2006, over four months prior to the running of the statute of limitations. McCants also told the plaintiffs himself that his employer was DIFZ, not DI, in June at his deposition. The latest of these occurrences was more than two months before the statute ran, and the earliest was six months before the statute ran.

The plaintiffs' attempt to join DIFZ after the running of the limitations period fails because there was no mistake on the part of the plaintiffs. DIFZ could have inferred that the plaintiffs' failure to join it in this action was a strategic decision rather than a mistake, in light of the fact that the plaintiffs knew DIFZ's identity four months prior to the end of the limitations period. *See, e.g., Potts*, 118 F.R.D. at 608. In fact, the amendment does not purport to correct a mistake by substituting DIFZ in place of DI but rather seeks to add DIFZ as an *additional* party. Accordingly, the third requirement for relation back under Rule 15(c) under *Schiavone* and *Hill* is not met, and a finding that the amended complaint relates back to the original would be incorrect.

In addition, DIFZ will be prejudiced by allowing the amendment. The reasoning behind the requirement that the party whom the plaintiff intends to add has knowledge of the suit within 120 days is to be certain that the new defendant will not be prejudiced by defending the action on its merits. *Fed. R. Civ. P.* 15(c)(3). However, under the facts

11

presented here, there is obvious prejudice to DIFZ, because the statute of limitations applicable to this action has expired. Federal courts have found that the plaintiff's lack of due diligence in adding new defendants constitutes prejudice to those defendants. *See Bruce v. Smith*, 581 F. Supp. 902, 906 (W.D. Va. 1984) ("As to possible prejudice to Defendants maintaining a defense on the merits, Plaintiff's own inexcusable neglect is a proper consideration."); *Phillip v. Sam Finley, Inc.*, 270 F. Supp. 292, 294 (W.D. Va. 1967) ("The burden of finding the proper defendant [within the limitation period] is on the plaintiff.").

One of the primary purposes of statutes of limitation is to provide repose to defendants. *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 417-18 (Ala. 1997).

> The mischief which statutes of limitation[s] are intended to remedy is the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert. Thus, while one of the purposes of the statute of limitation[s] is to relieve a court system from dealing with 'stale' claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured, *there is another element of a more substantive character in the protection of the potential defendants from protracted fear of litigation.*

*Id.* (quoting 51 Am. Jur. 2d *Limitations of Actions* § 17 (1970)) (emphasis added).

At least two other courts have examined similar situations to that presented here and arrived at the conclusion that relation back under Rule 15(c) is not proper where the plaintiff had knowledge of the identity of the defendant prior to the running of the statute of limitations period, yet failed to amend his complaint before the limitations period ended. *See*

*Marchant v. City of Little Rock*, 741 F.2d 201 (8th Cir. 1984); *Scharrer v. Consolidated Rail Corp.*, 792 F.Supp. 170 (D.Conn. 1992).

In *Marchant*, the plaintiff attempted to amend her complaint to include the correct supervisor of the jail in which she had been incarcerated, because the named defendant was not the supervisor at the time she was held in the jail. 741 F.2d at 205. The correct defendant had been named in an interrogatory response prior to the running of the statute of limitations, though his role as the supervisor of the facility had not been disclosed. *Id.* at 206. The Eighth Circuit found that a reasonably diligent plaintiff would have surmised that she named the incorrect party and used the discovery process to determine the correct party she intended to name. *Id.* The court also found the fact that the other defendants had referred to the incorrect party as the supervisor of the facility in a number of other pleadings was insufficient to alter that determination. *Id.*

*Scharrer* involved a suit against a railroad corporation in which the defendant railroad company filed a timely cross-claim against its predecessor in interest for indemnification within the limitations period. 792 F. Supp. at 171-72. The plaintiff later attempted to add the cross-claim defendant as a direct defendant after the limitations period had expired. *Id.* at 172. The court found that "[r]ule 15(c) is intended to protect a plaintiff who mistakenly names a party and then discovers, after the statute of limitations has run, the identity of the proper party." *Id.* at 173 (citations omitted). It is not designed to aid the plaintiff who has neglected to name a party whose identity was known to the plaintiff during the time when

13

the claim would have been proper. *See id.* The *Scharrer* court found that the plaintiff should have realized that the cross-claim defendant was a potential direct defendant at the time the cross-claim was filed. *Id.* Therefore, the amendment was improper because the identity of the proper defendant was known before the statute of limitations expired. *Id.*

DIFZ is entitled to the repose provided by the statute of limitations. Now that the time the limitations period has expired, DIFZ should be provided security from the "protracted fear of litigation." Furthermore, allowing the amendment would defeat the purpose of the statute of limitations and reward the plaintiffs for a lack of due diligence.

Accordingly, because of the plaintiffs' failure to meet the requirements of Rule 15(c)(3) and the prejudice to DIFZ that would ensue from the Court's allowing the amendment, this Court should deny the plaintiffs' motion to amend their complaint to include DIFZ as a new party-defendant.

## III.    The Court has discretion to deny the amendment under Rule 15(a).

This Court retains the discretion to deny an amendment under Rule 15(a), even where the requirements of Rule 15(c)(3) are met. *See Kemper v. Ureco*, 1991 WL 1251798, *2 (E.D. Pa. 1991) (finding that the plaintiff's diligence in researching which defendant to sue is relevant to a discussion of relation back, citing Wright, Miller & Kane); 6A Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.2d* § 1498 (2006) (some cases suggest that if the plaintiff's own inexcusable neglect resulted in the failure to name the proper party, then the amendment

14

may not be allowed under the court's authority derived from Rule 15(a), notwithstanding adequate notice to the party the plaintiff attempts to add).

If the Court determines that the plaintiffs have met their burden under Rule 15(c)(3), which they do not appear to have done, then the Court should exercise its discretionary authority derived from Rule 15(a) to deny the motion to amend, based upon the lack of due diligence exercised by the plaintiffs in timely amending their complaint. The repose which the statute of limitations is designed to give, and to which defendants are entitled, also provides this Court a substantive and legitimate reason upon which to deny the plaintiffs' attempted amendment under Rule 15(a). *See Bruce*, 581 F.Supp. at 906; *Phillip*, 270 F.Supp. at 294.

## Conclusion

Assuming, without conceding, that the Alabama statutes of limitation apply to this action, the plaintiffs have attempted to amend their complaint to add a new defendant beyond the limitations period prescribed by Alabama law. The attempted amendment is improper under Rule 15(c)(1) of the Federal Rules of Civil Procedure because the plaintiffs failed to use due diligence in naming DIFZ as a defendant until after the running of the limitations period. The amendment is also improper under Rule 15(c)(3) because the plaintiffs cannot meet the requirement that the amendment was due to a "mistake" on their part as to the

15

identity of the proper party to be named and as a result of the prejudice to DIFZ by allowing

it to be added beyond the limitations period.  Alternatively, the Court may exercise its

authority under Rule 15(a) to deny the plaintiffs' motion to amend as a result of their lack

of due diligence where they had knowledge of the proper party intended to be named in the

complaint prior to the running of the limitations period.


WHEREFORE, defendant prays that this Court will deny the plaintiffs' motion to

amend their complaint to add DynCorp International-Free Zone LLC as the proposed

amendment is improper under Rule 15 of the Federal Rules of Civil Procedure.


Respectfully submitted,


By:     /s/  Wm. Steele Holman II
William Steele Holman II
Bar Number: HOL051
John W. Clark IV
Bar Number: CLA087
Attorneys for defendants James McCants
and DynCorp International LLC
Armbrecht Jackson LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:    (251) 405-1300
Fax:          (251) 432-6843
E-mail:       wsh@ajlaw.com
              jwc@ajlaw.com


16

Of Counsel:                        William Larkin Radney III
                                   Bar Number: RAD001
                                   Barnes & Radney PC
                                   P.O. Box 877
                                   Alexander City, Alabama 35010-0877
                                   Telephone:    (256) 329–8438
                                   Fax:          (251) 329-0809 (fax)
                                   E-mail:       lradney@bellsouth.net

## CERTIFICATE OF SERVICE

I certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Larry W. Morris
kbaker@morrishaynesandhornsby.com
Nancy L. Eady
neady@morrishaynesandhornsby.com

William Larkin Radney III
lradney@bellsouth.net

By _____/s/  John W. Clark IV_____

# 465249; 3

17