IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS, | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:06-cv-00124-WHA-CSC |
| DYNCORP INTERNATIONAL LLC, JAMES McCANTS, et al., | § | |
| | § | |
| Defendants. | | |

**REPORT OF PARTIES' PLANNING MEETING**

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 23, 2006, and was attended by:

    a.  Larry W. Morris and Nancy Eady for plaintiffs Johnny and Janice Potts

    b.  Wm. Steele Holman II and John W. Clark IV for defendants DynCorp International LLC and James McCants

    c.  William Larkin Radney III for defendants DynCorp International LLC and James McCants

The parties do not request a conference with the Court before entry of the scheduling order.

2.  Plaintiffs' and defendants' narrative statement of the facts, causes of action and defenses:

    a.  <u>For the plaintiffs</u>:

Plaintiff Johnny Potts claims from Defendants, DynCorp International LLC and James McCants, both compensatory and punitive damages for injuries received in a motor vehicle accident which occurred on a road between

**Exhibit A**

Trebil, Jordan, and Baghdad, Iraq, on September 3, 2004. Potts claims that McCants negligently and/or wantonly operated the vehicle in which Potts was a passenger and that McCants was an employee of DynCorp International LLC at the time of the accident. Plaintiff Johnny Potts also claims that DynCorp International negligently and/or wantonly hired, trained and supervised McCants and that he was injured as a proximate result. Plaintiff Janice Potts claims that she is entitled to the damages she seeks based upon a loss of the consortium, services, companionship and affection of her husband, Johnny Potts, as a result of the conduct of the defendants.

      b.    For defendant DynCorp International LLC

DynCorp International LLC denies that it committed any negligence or wantonness and further denies that it caused the accident made the basis of this civil action. DynCorp International LLC also denies it was negligent or wanton in its hiring, training or supervision of its employees. DynCorp International LLC denies that it was the employer of James McCants. DynCorp International LLC denies that James McCants committed any negligent or wanton acts. DynCorp International LLC further denies that the plaintiffs were injured to the extent they claim. DynCorp otherwise asserts and adopts the answer it filed in this civil action and affirmative defenses therein as if fully set forth herein.

      c.    <u>For defendant James McCants.</u>:

Defendant James McCants denies that he is subject to personal jurisdiction in the State of Alabama and denies that he was properly served with process. Defendant McCants denies that he committed any negligent or wanton conduct that proximately caused the accident made the basis of this civil action. McCants further denies that any conduct on his part proximately caused the injuries claimed by the plaintiffs. Defendant McCants further denies that the plaintiffs were injured to the extent claimed in their complaint.

    3.    This jury action should be ready for trial by __May 7, 2007__ and at this time will take approximately __5__ days.

    4.    The parties request a pre-trial conference in __April, 2007__.

    5.    Discovery plan:    The parties jointly propose to the Court the following discovery plan:

Discovery will be needed upon the following subjects:

(a) The events leading up to and constituting the alleged accident forming the basis of the plaintiffs' complaint.

(b) The nature and extent of the plaintiffs' alleged injuries.

(c) The plaintiffs will request discovery on the issue of personal jurisdiction with respect to James McCants.

All discovery to be commenced in time to be completed by __December 31, 2006__

6. Initial Disclosures: The parties will exchange by __April 20, 2006__, the information required by *Fed. R. Civ. P.* 26(a)(1).

7. The parties request until __September 15, 2006__, to join additional parties and amend the pleadings.

8. Reports from retained experts under Rule 26(a)(2) due:
   From the plaintiffs:     __September 31, 2006__
   From the defendants:     __October 31, 2006__

9. Pretrial Disclosures: Final lists of witnesses and exhibits under Rule 26(a)(3) due by __March 31, 2007__.

10. Discovery Limits.

   a. Interrogatories. The parties request a limit of 60 interrogatories. Answers due 30 days after service.

   b. Maximum of 15 depositions by plaintiffs and 15 for defendants. Each deposition other than of the parties will be limited to a maximum of five hours unless extended by agreement of the parties.

   c. Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

  d. Maximum of three sets of requests for production of documents and things. Responses due 30 days after service.

  10. All potentially dispositive motions should be filed by __February 7, 2007.__

  11. Settlement cannot be evaluated prior to discovery being completed.

DATED this 23rd day of March, 2006.

             Respectfully submitted,

             By: /s Nancy Eady
             Nancy L. Eady (EAD004)
             Attorney for plaintiffs Johnny and
             Janice Potts
             Morris, Haynes & Hornsby
             Post Office Box 1660
             Alexander City, Alabama 35011-1660
             (256) 329-2000
             neady@morrishaynesandhornsby.com

             By /s William Steele Holman, II
             Wm. Steele Holman II (HOL051)
             John W. Clark IV (CLA087)
             Attorneys for defendant
             DynCorp International LLC
             James McCants
             Armbrecht Jackson LLP
             Post Office Box 290
             Mobile, Alabama 36601
             (251) 405-1300 (voice)
             (251) 432-6843 (fax)
             wsh@ajlaw.com
             jwc@ajlaw.commailto:jwj@ajlaw.com