IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY POTTS and JANICE POTTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.  3:06cv124-WHA |
| | ) | |
| DYNCORP INTERNATIONAL, LLC, | ) | (WO) |
| JAMES MCCANTS, and DYNCORP | ) | |
| INTERNATIONAL FZ-LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. # 6), based on lack of personal jurisdiction, filed by Defendant James McCants on March 8, 2006.[1]  The Plaintiffs originally filed a Complaint in this case on February 9, 2006, bringing claims against Dyncorp International, LLC and James McCants for negligence and wantonness (Counts One and Two), negligent and/or wanton hiring, training and supervision (Count Three), and loss of consortium (Count Four).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

---

[1] This motion was addressed to the original Complaint.  On December 12, 2006, a First Amended Complaint (Doc. #48) was filed.  This had no effect on the issue presented by this motion, and the court will, therefore, treat McCants's Motion to Dismiss as being addressed to the First Amended Complaint.

## II. STANDARD FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The court allowed time for discovery, and the motion was submitted on evidence and briefs. No evidentiary hearing was held.

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted). Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988).

## III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

On September 3, 2004, a convoy of vehicles, directed by Dyncorp under its contractual duties with the Coalition Provisional Authority, was traveling east on the primary road between Trebil, Jordan and Baghdad, Iraq. The Plaintiff, Johnny Potts, an employee of Worldwide Network Services, Inc., was a passenger in one of these vehicles, which was driven by James McCants, an employee of Dyncorp. Throughout the course of the trip, McCants drove the car at a high rate of speed, in excess of 99 miles per hour. During one of these periods where McCants

was driving at a high rate of speed, the vehicle came across a black object in the road (which later was identified as a dog). McCants, unsure of whether the black object was dangerous, swerved to avoid it. Subsequently, the vehicle flipped several times and burst into flames. As a result of this accident, Potts sustained serious bodily injuries, including a broken right tibia and fibula, as well as the severe pain and suffering associated with these injuries.

### III.  DISCUSSION

The Defendant has moved to dismiss the Complaint pursuant to Rules 12(b)(2) & (5) of the Federal Rules of Civil Procedure. The Defendants state that service of process upon McCants was insufficient and that there is no personal jurisdiction over him.

**A.**   *Service of Process Analysis*

With respect to service of process, McCants argues that the Plaintiffs failed to follow Rule 4.2(b) of the Alabama Rules of Civil Procedure in that the return receipt for the process did not state that it is for restricted delivery. McCants, however, appears to have relied on an older version of the Alabama Rule. The Alabama Rule governing service of process by certified mail provides as follows:

> (B) How Served. In the event of service by certified mail, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received.

Ala. R. Civ. Pro. 4 (i)(2)(b). Under this current Rule, service of process was adequate. The court concludes, therefore, that this ground of the Motion to Dismiss is unavailing.

**B.**     *Personal Jurisdiction Analysis*

McCants is a resident citizen of Georgia, as alleged by the Plaintiffs in both the original Complaint and the First Amended Complaint. That, together with the citizenship of the other Defendants, allowed the Plaintiffs to maintain this action in this court on the basis of diversity jurisdiction.

McCants moves to dismiss for lack of personal jurisdiction in this Alabama federal court because he is a citizen of Georgia. In response to this motion, the Plaintiffs requested, and were granted, additional time in which to respond, based on evidence gained through jurisdictional discovery.

Determining personal jurisdiction over a non-resident defendant requires two inquiries. The first step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction. *See Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If it does, then the court must determine whether the exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Alabama Rule 4.2 (b) provides as follows:

> b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient

>contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state.

Ala. R. Civ. Pro. Rule 4.2 (b). Because this rule reaches the extent of federal due process, the court will turn to the issue of whether the exercise of jurisdiction over McCants would offend traditional notions of fair play and substantial justice.

In personam jurisdiction complies with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *Olivier*, 979 F.2d at 830-31. There are two types of personal jurisdiction: specific and general. Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. *Helicopteros Nacionales de Colombia, N.A. v. Hall*, 466 U.S. 408, 414 n. 8 & 9 (1984). General personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation. *Id.* Because the events giving rise to this cause of action are unrelated to the forum state of Alabama, both the Plaintiffs and McCants agree that specific personal jurisdiction is not relevant to this inquiry. Therefore, in order to proceed with this action against McCants, the Plaintiffs must establish that this court can exercise general personal jurisdiction over him.

"Even when the cause of action does not arise out of or relate to the [defendant's] activities in the forum State, due process is not offended by a State's subjecting the [defendant] to its in personam jurisdiction when there are sufficient contacts between the State and the [defendant]." *Id.* at 1872 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952)). The due process requirements for general personal jurisdiction, however, are more stringent than for specific personal jurisdiction. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d

5

1286, 1292 (11th Cir. 2000) (citing *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 786 F.2d 1055, 1057 (11th Cir. 1986)). In order to exercise general personal jurisdiction, there must be "continuous and systematic" contacts between the forum state and the defendant. *Borg-Warner Acceptance Corp.*, 786 F.2d 1055 at 1057.

Typically, when a plaintiff argues that a court can exercise general personal jurisdiction over a defendant, the situation involves a corporate defendant having "continuous and systematic" business contacts with the forum state. Here, McCants is an individual defendant whose contacts with the forum state do not involve business contacts but, instead, involve personal contacts. Therefore, the vast amount of case law regarding general personal jurisdiction is not comparable to the case at bar and an in-depth analysis of *Helicopteros* and its progeny is unnecessary. Instead, this court simply must determine whether McCants's contacts with Alabama were "continuous and systematic," so that the exercise of general personal jurisdiction over him would comport with the traditional notions of fair play and substantial justice.

The Plaintiffs contend that this court can exercise jurisdiction over McCants because McCants has had extensive contacts with the State of Alabama in the past, so that general jurisdiction is appropriate. The Plaintiffs point to the following undisputed facts as evidence of McCants's contacts with Alabama: McCants grew up, graduated from high school, and went to one year of college in Alabama; he was in the National Guard and Army until 1994 and during that time listed a home address of Alabama; he lived in Alabama between 1994 and 1998; he returned to the Army from 1998 to 2001, listing his home address in Alabama; in December 2001 he moved to Georgia, but still visits his parents who live in Alabama. McCants also has been sued twice in Alabama (both suits filed before he moved to Georgia) and had an

outstanding judgment in one case which could have been executed upon until September 30, 2006.

At first glance, McCants's contacts with the forum state arguably may appear to be extensive. These contacts, however, revolve around the fact that he was a resident of the state of Alabama until 2001. After 2001, when McCants became a domiciliary of Georgia, his extensive contacts with Alabama ended. Because personal jurisdiction is a fluid concept, not a static one, his contacts with Alabama prior to 2001 no longer are relevant.

When a person maintains extensive on-going contacts with a state, general personal jurisdiction may be appropriate under some circumstances. When contacts with the state cease to be extensive, however, the fact that the person had prior extensive contacts is immaterial to the personal jurisdiction determination. The fact that a person grows up in one state, attends high school in that state, is married and divorced in that state, and previously has defended a suit in that state does not assure automatically that they will be subject to the jurisdiction of the courts sitting in that state in perpetuity. In fact, even assuming, for argument's sake, that these facts are relevant in the present case, the intervening four year plus period of time between 2001 and the filing of this action, in which the Defendant's contacts with Alabama have been sporadic at best (i.e., visiting his parents in Alabama), prevents a finding that such contacts are "continuous and systematic."

The fact that McCants moved his domicile only next door, to Georgia, so that traveling to Opelika for trial would only be a "minor inconvenience," as Plaintiffs assert in brief, has no bearing on the issue. The law to be applied is the same as if he had moved to Washington state.

In sum, McCants currently is a resident citizen of Georgia and was when this suit was

7

filed.  His present contacts with Alabama are not "continuous and systematic."  Although McCants, at one time, had extensive contacts with Alabama, by maintaining his domicile here, those contacts ceased upon the changing of his domicile to Georgia.  The only contacts since then have been coming back to visit his parents.  Were the court to sustain the Plaintiffs' jurisdictional analysis, the court would broaden the bounds of personal jurisdiction significantly, subjecting any person who ever has maintained extensive contacts with a state to the jurisdiction of that state's court system.  Plaintiff has not cited to any case law which would support such an interpretation of current personal jurisdiction doctrine, and to adopt the Plaintiffs' interpretation would change significantly the current analytical structure set forth by the Supreme Court.  It would be to say that a person who has moved to new state of citizenship can always be sued in his former home state on a cause of action totally unrelated to that state solely because he occasionally returns to visit his parents.  This court is unwilling to spearhead such a change.

## IV.  CONCLUSION

For the reasons discussed above, it is hereby ORDERED:

1.  The Motion to Dismiss (Doc. #6), filed by Defendant James McCants, is GRANTED.

2.  Defendant, James McCants, is DISMISSED as a party Defendant.  This action will proceed against Dyncorp International, LLC and Dyncorp International FZ-LLC.

Done this 14th day of December, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE