## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JOHNNY POTTS and JANICE POTTS,** &#124; | |
| &#124; | |
| **Plaintiffs,** &#124; | |
| &#124; | **Civil Action No.** |
| **v.** &#124; | |
| &#124; | **3:06-cv-00124-WHA-CSC** |
| **DYNCORP INTERNATIONAL LLC,** &#124; | |
| **JAMES McCANTS, et al.,** &#124; | |
| &#124; | |
| **Defendants.** &#124; | |

### PRELIMINARY MOTION TO DISMISS FOR INSUFFICIENCY OF
### PROCESS AND LACK OF PERSONAL JURISDICTION

COMES NOW Defendant DynCorp International Free-Zone, LLC ("DIFZ")

appearing solely for the purpose of challenging insufficient service of process and the

personal jurisdiction of this Court over DIFZ and pursuant to Rule 12(b)(2) & (5) of

the Federal Rules of Civil Procedure and the Constitution of the United States, moves

the Court to dismiss the Plaintiffs' Amended Complaint [Doc. 46] on the grounds that

(1) DIFZ has not been properly served; and (2) even if properly served, this Court

lacks personal jurisdiction over DIFZ due to insufficient contacts between DIFZ and

the State of Alabama.

### INTRODUCTION AND SUMMARY OF GROUND FOR DISMISSAL

DIFZ is a limited liability company organized under the laws of a foreign

jurisdiction and has a distinct existence separate from that of DynCorp International

LLC ("DI").  DIFZ's principle place of business is in the Dubai (U.A.E.) Technology, E-Commerce and Media Free Zone.  DIFZ only employs individuals to conduct operations outside of the United States and primarily in the middle east.  DIFZ has no contacts with the State of Alabama sufficient to establish jurisdiction over it in any courts in the State of Alabama.  Furthermore, the Plaintiffs have attempted to serve DIFZ by serving an employee of DI.  DIFZ may not be served through DI, nor is the party named on the service documents an agent, employee, or partner of DIFZ. Because DIFZ has not had contacts with Alabama sufficient to be subject to jurisdiction here and because the Plaintiffs have failed to properly serve DIFZ with a copy of the Amended Complaint, DIFZ should be dismissed from this action without prejudice.

<u>**NARRATIVE SUMMARY OF RELEVANT FACTS**</u>

**1.    The Accident**

Plaintiff Johnny Potts sustained personal injuries in Iraq on September 3, 2004, when one vehicle in a security convoy taking him on a mission overturned on a highway near Trebil, at the Jordanian border. (Amended Complaint ¶ 7; Deposition of James McCants at 109-10 ("McCants Dep.");[1] Affidavit of David M. Moore at ¶ 14

---

[1] Relevant portions of McCants's deposition testimony are attached as Exhibit "A."

("Moore Aff.").[2] Potts was an employee of Worldwide Network Services ("WNNS"), an electronics and communications firm subcontracted with Defendant DI. (Amended Complaint ¶¶ 1 & 7; Moore Aff. at ¶ 13).

The convoy had driven from Baghdad to Trebil so that Potts and another WWNS employee, Ronald Wood, could install Codan high frequency radio equipment at DI's site in Trebil. (Amended Complaint ¶ 7; Moore Aff. at ¶ 14). The convoy had increased its speed to pass some vehicles parked beside the highway, which was considered a security threat, when, according to the plaintiff, a dog came onto the highway. (McCants Dep. at 107; Amended Complaint ¶ 7). Former defendant James McCants ("McCants"), the driver of the vehicle in which Potts was riding, unsure whether the object was dangerous, attempted to avoid it and the vehicle overturned. (Amended Complaint ¶ 7; McCants Dep. at 109-10, & Doc. 48-1, Pg. 3). As a result Potts sustained serious injuries. (Doc. 48-1, pg. 3) It is incorrectly alleged that McCants was an employee of DI at the time of the accident. (Amended Complaint ¶ 7).

---

[2] Doc. 33 at pg. 21 of 103. Mr. Moore's affidavit was attached as Exhibit C to Doc. 33.

2.      **Relationship between DI and DIFZ and the State of Alabama.**

DI is a limited liability company with its principal place of business in Irving.

Texas.  (DI's Amended Answer, ¶ 2).  DIFZ is a free zone limited liability company

organized under the laws of the Emirate of Dubai.  (Affidavit of John Supina at ¶ 3

("Supina Aff.")[3] and Exhibits A-E attached to his affidavit).  DIFZ is a completely

separate and distinct entity from DI, (Supina Aff. at ¶ 3-9), and, at all times since its

creation in 2003, DIFZ has observed the formalities required of it under Dubai law.

(Supina Aff. at ¶ 9).

DI and DIFZ are related entities and do business with each other.    The two

companies had a written agreement setting out their business relationship.  (Letter

Agreement between DI and DIFZ, dated February 23, 2003) ("Letter Agreement").[4]

DI provided services to DIFZ in the United States and DIFZ provides staffing services

to DI to carry out DI's outside the United States.  (Letter Agreement at p. 1).  Here

DIFZ in Dubai provided the labor and payroll services for the performance of a

contract entered into between DI and the Coalition Provisional Authority (CPA) to

provide convoy security for convoys entering Iraq as part of the Oil for Food (OFF)

Program. (Moore Aff. ¶ 18, Doc. 33 at pg. 22 of 103).  DIFZ has no contacts with or

---

[3] Mr. Supina's affidavit is attached as Exhibit "C."

[4] The Letter Agreement is attached as Exhibit "D."

property in the State of Alabama. (Supina Aff. at ¶ 10). DIFZ has done nothing that would cause DIFZ to reasonably expect to be hailed into the courts of this state. (Supina Aff. at ¶ 11).

### 3.     Procedural History and Background of Discovery

The accident at issue in this matter occurred on September 3, 2004. (Amended Complaint ¶ 7). The Plaintiffs filed their original complaint on February 9, 2006, claiming that their personal injuries were caused by the negligence and wantonness of James McCants. (Complaint ¶ 9). Plaintiffs further alleged that DI was indirectly liable for the actions of McCants through the doctrine of respondeat superior and was directly liable for the negligent hiring, training and supervision of McCants. (Complaint, ¶¶ 11, 17). In its answer to the original Complaint, DI denied that James McCants was its employee. (Answer, ¶ 11). The answer was filed on March 3, 2006.

DI served its initial disclosures on the plaintiffs on April 20, 2006. (DI's Disclosures Pursuant to Rule 26(a)(1), p. 4) ("Initial Disclosures"). Those disclosures contained McCants's employment contract with DIFZ. The plaintiffs deposed James McCants on June 13, 2006. (McCants Depo. at p. 1). During the course of his deposition, McCants stated that his employer was DIFZ, not DI. (McCants Depo. p. 139). McCants, a Gerogia resident, was dismissed for lack of personal jurisdiction. [Doc. 48]

No action was taken to add DIFZ as a party until the Plaintiffs' motion to amend the complaint, filed September 15, 2006[5].  The Plaintiffs attempted to serve DIFZ through DI.  (Domestic Return Receipt).[6]  The service of process was addressed to "Mr. John P. McMullen, Dir. for Homeland Security" at DI's address in Falls Church, Virginia.  (Domestic Return Receipt).  As previously stated, DI and DIFZ are separate and distinct entities.  (Supina Aff. at ¶ 3-9).    John P. McMullen ("McMullen") is the Director of Homeland Security and Security Services for DI, has no connection to DIFZ, and is not an agent for service, or any other matter, on behalf of DIFZ.  (Affidavit of John McMullen at ¶ 5) ("McMullen Aff.").[7]  The Domestic Return Receipt was not signed.  (Domestic Return Receipt).  The process was not directed to a mailing address for DIFZ. (McMullen Aff. at ¶ 7).

## **ARGUMENT**

**I.     The Plaintiffs have failed to properly serve DIFZ with a copy of the summons and complaint and DIFZ should be dismissed from this action until properly served.**

Federal Rule of Civil Procedure 4(h) describes the procedure for obtaining service upon a domestic or foreign entity from which a waiver of service has not been

---

5  If service and jurisdiction are found to exist, DIFZ will raise substantive challenges to the question of whether service more than two years after the event relates back to the date of filing.

[6] A PDF copy of the Domestic Return Receipt is attached as Exhibit "E."

[7] Mr. McMullen's affidavit is attached as Exhibit "B."

obtained. *Fed. R. Civ. P.* 4(h). Subsection (1) provides for service "in a judicial district of the United States" and subsection (2) describes the method for obtaining service "in a place not within any judicial district of the United States." *Id.* DIFZ is an LLC organized under the laws of the Emirate of Dubai and is not located within the United States. (Supina Aff. ¶ 3 and Exhibit "D" to Supina Aff.). DIFZ is a separate and distinct entity from DI. (Supina Aff. ¶3-9). Therefore, DIFZ cannot be said to be "in a judicial district of the United States" and Rule 4(h)(2) is applicable. According to Rule 4(h)(2), DIFZ may be served "in any manner prescribed for individuals by subdivision (f) except personal delivery." *Fed. R. Civ. P.* 4(h)(2).

Service on a party outside the United States may be perfected, per Rule 4(f):

(1) "by internationally agreed means reasonably calculated to give notice;" or

(2) "if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:"

> (A) as allowed in the country where service must be effected;

> (B) as directed by the foreign authority in response to a letter rogatory;

> (C) any form of mail requiring a signed receipt, unless prohibited by foreign law; or

(3) by other means chosen by the court that are not prohibited by international agreement.

*Fed. R. Civ. P.* 4(f).

As of the date of the filing of this motion, the Plaintiffs have not served DIFZ. Instead, the Plaintiffs served DI with the complaint and summons at DI's address and merely included DIFZ's name on the address. (Exhibit E). In addition, no attempt was made to serve DIFZ at its proper address outside of the United States or to apply the requirements of any applicable international agreements or Rule 4(h)(2) and 4(f).

It does not avail plaintiffs to argue that DIFZ is a corporate relative of DI. It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. *Cannon Manufacturing Co. v. Cudahy Packing Co.,* 267 U.S. 333, 337, 45 S. Ct. 250, 251, 69 L. Ed. 634 (1925) and *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Here, DI was not present in the State of Alabama and the affidavit of Mr. Supina establishes that DIFZ has complied with the Dubai formalities to exist as a entity separate from DI. (Supina Aff. at 9). Accordingly, DIFZ has not been properly served with the complaint and summons and DIFZ should be dismissed from this action until such time as service is perfected.

Further, assuming arguendo that DIFZ *can* be served through DI, which DIFZ does not concede, then the Plaintiffs may serve DIFZ under the laws of the State of Alabama or under the Federal Rules of Civil Procedure, specifically, by delivering the complaint and summons to an officer, managing agent or agent authorized to receive

–8–

service of process. *Fed. R. Civ. P.* 4(h)(1). The complaint and summons were not delivered, but were mailed, therefore the federal rules were not used and the Plaintiffs intended to serve DIFZ under the Alabama procedures. *See Ala. R. Civ. P.* 4.

Alabama allows for service by process server, *Ala. R. Civ. P.* 4(i)(1), and certified mail. *Ala. R. Civ. P.* 4(i)(2). If certified mail is used and the party is "an entity within the scope of one of the subdivisions of Rule 4(c), [then] the addressee shall be a person described in the appropriate subdivision." *Ala. R. Civ. P.* 4(i)(2)(B). Subdivision 4(c)(6), entitled "Corporations and Other Entities," provides that service may be made "[u]pon a domestic or foreign . . . limited liability company . . . by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." *Ala. R. Civ. P.* 4(c)(6). The Plaintiffs attempted to serve DIFZ by certified mail addressed to "John P. McMullen as the Director of Homeland Security" for DynCorp International LLC at the address of DI's offices in Falls Church, Virginia. (*See* Domestic Return Receipt).

McMullen is not an officer, a partner, a managing or general agent, nor an agent authorized by appointment or by law to receive service on behalf of DIFZ. (McMullen Aff. at ¶¶ 4-5). McMullen is not in any way affiliated with DIFZ. (McMullen Aff. at ¶ 3). Accordingly, even assuming that DIFZ can be served through

DI, the Plaintiffs' attempted service on McMullen is not proper and DIFZ is entitled to be dismissed from this action and have its motion to dismiss granted.

In addition, assuming that DIFZ may be served through DI *and* that McMullen is a proper party to receive service of process on behalf of DIFZ (none of which is conceded by DIFZ), there is still no proof that McMullen received the service of process. Rule 4(i)(2)(C) states that service by certified mail is effective "from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the receipt." The Domestic Return Receipt was returned unsigned. Even taking into consideration the next sentence of Rule 4(i)(2)(C) in which the word "agent," as used in the previous sentence, is defined as "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee," there is nothing contained in the receipt to verify that the complaint and summons were properly delivered to McMullen or any agent authorized to receive McMullen's mail. (Domestic Return Receipt). Accordingly, DIFZ's motion to dismiss is due to be granted.

## II. Assuming service upon DIFZ was sufficient, the Court should dismiss the Plaintiffs' Amended Complaint because this Court has no personal jurisdiction over DIFZ.

DIFZ has no contacts with the State of Alabama sufficient to establish jurisdiction over it in any courts in the State of Alabama under Alabama's "long-arm

statute", *Ala. Rule Civ. P* 4.2(b).  Although that rule lists a variety of situations which confer personal jurisdiction over a defendant, none of them apply to DIFZ and haling DIFZ into this jurisdiction fails to comport with due process requirements under the State and Federal Constitution. *Ala. Rule Civ. P.* 4.2(b).

Due process requirements are met only if the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).   In evaluating minimum contacts with the forum, the court must determine whether the nonresidents purposefully availed themselves of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws.  *Hanson v. Denkla*, 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958).

In light of the constitutional limits of this jurisdiction and using a "minimum contacts" analysis, it is clear that neither specific jurisdiction nor general jurisdiction over DIFZ exists in the present action and this Court lacks personal jurisdiction over DIFZ.  Here, DIFZ does not have any contacts with or property in the State of Alabama.  (Supina Aff. at ¶ 10).   While DI and DIFZ do business with each other outside of the State of Alabama, DIFZ is a completely separate and distinct entity from DI (Supina Aff. at ¶ 3-9).  DIFZ does not do business with DI in the State of

Alabama. (Supina Aff. at ¶ 10).

To establish specific jurisdiction, Plaintiffs must show that DIFZ purposefully directed its activities at residents of the forum, and the litigation must result from activities that arise out of or relate to DIFZ's activities directed at the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). DIFZ conducts *no* activities directed at the State of Alabama. (Supina Aff. at ¶ 10 ). Thus, specific jurisdiction simply does not exist.

To establish general jurisdiction, one must show that a defendant's contacts with the forum are of a continuous and systematic nature. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-15, 80 L.Ed. 2d 404, 104 S.Ct. 1868 (1984). However, DIFZ has *no* contacts (or property) in the State of Alabama. (Supina Aff. at ¶ 10). This, of course means that DIFZ has no contacts with Alabama that are "of a continuous and systematic nature." (Supina Aff. at ¶ 10). General jurisdiction over DIFZ is therefore non-existent. Because neither specific nor general jurisdiction over DIFZ exists, this Court may not exercise personal jurisdiction over this Defendant.

The Supreme Court in *Burger King*, interpreted minimum contacts as those where the litigant could "reasonably anticipate being haled into court" in the forum state. *Id*. at 474. DIFZ has done nothing that would cause DIFZ to reasonably expect

–12–

to be haled into the courts of this State.  (Supina Aff. at ¶ 11).   Unilateral activity of

one seeking jurisdiction over a non-resident defendant will not suffice for personal

jurisdiction, *Id.* at 475, so there must be interaction both ways between the parties.

The Court has summarized this view:

> It is essential in each case that there be some act by which the defendant
> purposely avails itself of the privilege of conducting activities within the forum
> State, thus invoking-the benefits and protection of its laws.  *Id.* at 475.

Under the few facts Plaintiffs present about personal injuries arising out of an

automobile accident that occurred on September 3, 2004 in Iraq, DIFZ could not

reasonably anticipate being haled into court in Alabama.  DIFZ does not have any

contact with Alabama and has not  "invoked the benefits and protections of its laws."

 DIFZ has not availed itself of Alabama's laws and is not subject to jurisdiction of this

court.   (Supina Aff. at ¶ 10).

A party's contacts with the forum that are unrelated to the litigation must be

pervasive in order to support the exercise of personal jurisdiction under Rule 4(k)(2).

*Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990) and *Associated Transp. Line,*

*Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.*, 197 F.3d 1070, 1075 (11th

Cir. 1999). General jurisdiction has been found lacking even where a company had

employees, agencies and salespeople regularly in the forum; where the company was

qualified to do business in the forum; and where it regularly solicited business and

derived more than 26% of its income from the forum. *Noonan v. Winston Co.*, 135 F.3d 85, 93-94 (1st Cir.1998); *Nichols v. G.D. Searle Co.*, 991 F.2d 1195, 1198 (4th Cir. 1993) ($ 13 million in sales over five-year period insufficient--even though company employed salespeople in forum) and *Associated Transp. Line, supra*, 197 F.3d at 1075.  Here, all that exists connecting DIFZ to the United States is a contract between DIFZ and one domestic company which relates primarily to overseas operations.

While a plaintiff does have some interest in obtaining convenient and effective relief, that interest is thwarted by a plaintiff's power to choose another forum which has personal jurisdiction of the defendant.  DIFZ has no contact with Alabama. Nor has DIFZ invoked any benefits and protections of Alabama's laws.  (Supina Aff. at ¶ 10).  DIFZ could not have reasonably anticipated being haled into court in Alabama and DIFZ did not avail itself of Alabama's laws. DIFZ does not have sufficient minimum contacts with Alabama and is not subject to personal jurisdiction in Alabama.  Because there are not sufficient minimum contacts, DIFZ's motion to dismiss for lack of personal jurisdiction is due to be granted.

## CONCLUSION

The Plaintiffs have failed to properly serve DIFZ with a summons and complaint, as required by Rule 4 of the Federal Rules of Civil Procedure.  Even if

properly served, this court lacks personal jurisdiction over DIFZ and it should be dismissed from this action without prejudice.

WHEREFORE, the Defendant DynCorp International Free-Zone, LLC prays that this Court will grant this motion to dismiss and dismiss all claims against DIFZ in the Plaintiffs' Amended Complaint.

Respectfully submitted,

_S/Dennis R. Bailey_____
Dennis R. Bailey (744845)
R. Mac Freeman, Jr.
Attorneys for DynCorp International Free
Zone LLC

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street/P.O. Box 270
Montgomery, Alabama, 36104/36101-0270
Telephone: (334) 206-3234
Facsimile: (334) 481-0031
E-Mail: drb@rsjg.com

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

               Larry W. Morris
               kbaker@morrishaynesandhornsby.com
               Nancy L. Eady
               neady@morrishaynesandhornsby.com

               William Larkin Radney III
               lradney@bellsouth.net

               W. Steele Holman, II
               wsh@AJLaw.com

               By *S/Dennis R. Bailey*_____