# EXHIBIT C

DIFZ Motion to Dismiss

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHNNY POTTS and JANICE POTTS,** | § | |
| **Plaintiffs,** | § | |
| | | **Civil Action No.** |
| **v.** | § | |
| | | **3:06-cv-00124-WHA-CSC** |
| **DYNCORP INTERNATIONAL LLC,** | § | |
| **JAMES McCANTS, et al.,** | | |
| | § | |
| **Defendants.** | | |

### AFFIDAVIT OF JOHN W. SUPINA

STATE OF TEXAS                    }
COUNTY OF DALLAS                  }

Before me, the undersigned notary public in and for said commonwealth and county, personally appeared **John W. SUPINA**, who is known to me, and who being first duly sworn, deposed and said as follows:

1.    My name is John W. Supina. I am over the age of majority, competent to testify, and possessed of personal knowledge of the matters stated herein.

2.    I was involved in the formation of the free zone limited liability company now operating in Dubai, U.A.E. under the name of DynCorp International FZ-LLC ("DIFZ"). In addition, I was a Senior Vice President/Business Administrator of DIFZ from May 2006 to

Page 1 of 4

November 2006. As such I have personal knowledge of the matters stated herein and the documents attached herewith as exhibits.

3.    DIFZ is a free-zone limited liability company organized under the provisions of Law No. 1 of 2000 of the Emirate of Dubai establishing the Dubai Technology, Electronic Commerce & Media Free Zone.

4.    Exhibt A is a true and correct copy of the Memorandum of Association dated February 24, 2003, organizing DynCorp International Global Services FZ-LLC ("DIGSFZ").

5.    Exhibit B is a true and correct copy of the Certificate of Incorporation dated February 24, 2003, that was issued to DIGSFZ by the Registrar of Companies of The Dubai Technology, Electronic Commerce & Media Free Zone.

6.    Exhibit C is a true and correct copy of a Certificate of Change in Name dated May 29, 2003, that was issued when DIGSFZ changed its name to DynCorp International FZ-LLC.

7.    Exhibit D is a true and correct copy of License No. 19707 issued to DIFZ, effective May 2003 by the Dubai Technology, Electronic Communications & Media Free Zone authority.

8.    Exhibit E is a true and correct copy of the Articles of Association of DIFZ.

9.    DIFZ has at all times during its existence observed the formalities required of it by the Dubai Technology, Electronic Communications & Media Free Zone Private Companies Regulations, 2003.

10.    DIFZ to my knowledge has never conducted any business in the State of Alabama. DIFZ primarily operates out of facilities in Dubai managing contracts and employees located in the Middle East. DIFZ conducts no operations in the United States. DIFZ neither owns nor leases property located in the United States. DIFZ directs no activities to the State of Alabama. It has never sought any protection or benefits based upon the laws of the State of Alabama. It is a foreign company which conducts all of its operations overseas.

11.    Based upon the activities abroad of DIFZ and its lack of any business activities in Alabama, I would never have expected courts in the State of Alabama to review DIFZ operations in the middle east.

FURTHER AFFIANT SAITH NOT.

JOHN W. SUPINA

Sworn to and subscribed before me this ___29___ day of January, 2007.



LESLIE RENEE HARVILLE
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
NOVEMBER 19, 2009

NOTARY PUBLIC

Page 3 of 4

[affix notarial seal]

My commission expires: ___19. NOV. 09___



EXHIBIT

A

# MEMORANDUM OF ASSOCIATION
## OF
### DynCorp International Global Services FZ-LLC

1.   The name of the Company is DynCorp International Global Services FZ-LLC.

2.   The Registered Office of the Company shall be situated at the Dubai Technology, Electronic Commerce & Media Free Zone in Dubai – United Arab Emirates.

3.   The objects for which the Company is established are :

   a)   To carry on all such business as the Dubai Technology, Electronic Commerce & Media Free Zone Authority ("the Authority") may permit under the terms of the licence to be issued to it by the Authority ("the Licence"). For this purpose the Licence shall be an integral part of this Memorandum of Association.

   b)   To carry on any other trade or business which can, in the opinion of its Board of Directors and subject to the Authority's approval, be advantageously carried on in connection with or as ancillary to any of the business or activity set out in the Licence.

   c)   Not withstanding the generality of the foregoing, the Company may not :

   (i)   carry on any banking business or any business of financial brokerage or financial advisory services unless it is duly licensed by the competent UAE Authorities;

   (ii)   carry on business as an insurance or reinsurance agent or insurance broker unless it is duly licensed to do so by the competent UAE Authorities.

4.   The authorized and issued capital of the Company is AED 500,000.00 divided into 500 shares of AED 1000 par value, which shares have been issued to the shareholders as set out at the end of this Memorandum of Association.

5.   The capital of the Company shall be made of one class and one series of shares. However, subject to the approval of the Authority, the Company may issue different classes of share provided that the designations, powers, preferences, rights, qualifications, limitations and restrictions of each class and series of share that the Company is authorized to issue shall be fixed by resolution of the Shareholders of the Company. The Shareholders shall not allocate different rights as to voting, dividends, redemption or distributions on liquidation unless the Memorandum of Association shall have been amended to create separate classes of shares and all the aforesaid rights as to voting, dividends, redemption and distributions shall be identical in each separate class.

6.   If at any time the authorized capital is divided into different classes or series of shares, the rights attached to any class or series (unless otherwise provided by the terms of issue of the shares of that class or series) may, whether or not the Company is being wound up, be varied with the consent in writing of the holders of not less than three-fourths of the issued shares of that class or series and of the holders of not less than three-fourths of the issued shares of any other class or series of shares which may be affected by such variation.

7.    The rights conferred upon the holders of the shares of any class issued with preferred or other rights shall not, unless otherwise expressly provided by the terms of issue of the shares of that class, be deemed to be varied by the creation or issue of further shares ranking pari passu therewith.

8.    The Company may not issue bearer shares. The Company may not issue new shares unless its issued shares have been fully paid.

9.    The Company may not directly or indirectly acquire its own shares unless expressly permitted to do so by the Authority.

10.    No provision in this Memorandum of Association may be amended, modified, varied, altered, changed or substituted save by the shareholders' resolution which shall be subject to the approval of the Authority.

11.    The Company shall have a separate legal personality wholly distinct from that of its shareholders. The liability of the shareholders to the debts of the Company shall be limited to the amount unpaid of their respective shares if any.

We, the several persons, whose names and addresses are described below, are desirous of forming a Dubai Technology, Electronic Commerce & Media Free Zone Company in pursuance of this Memorandum of Association, and we respectively agree to take the number of shares in the capital of the Company set opposite our respective names.

| Name | Address | Number of Shares |
|---|---|---|
| DynCorp International LLC | 6500 West Freeway, Suite 600, Fort Worth, Texas, United States of America | 500 |
| - | - | - |
| - | - | - |
| - | - | - |
| - | - | - |
| - | - | - |

Date : 24 of Feb , 2003

Name : Jeffrey C. Casperides

Signature : *Jeffrey Casperides*

SIGNED
IN MY PRESENCE

For Registrar

جمال عبد السلام
Jamal Abdul Salam

Page 2



For Registrar     Jamal Abdul Salam

EXHIBIT
B

No. 19707

19707

# CERTIFICATE OF INCORPORATION

The Registrar of Companies of The Dubai Technology, Electronic Commerce & Media Free Zone hereby certifies that :

**DynCorp International Global Services FZ-LLC**

is formed under Registration No. **19707** as a Free Zone Company with Limited Liability this day **24th of February 2003** and all the requirements under the provisions of Law No. 1 of 2000 of the Emirate of Dubai establishing the Dubai Technology, Electronic Commerce & Media Free Zone have been satisfied.

*Issued under the seal of Dubai Technology, Electronic Commerce & Media Free Zone*

For Registrar

جمال عبد السلام
Jamal Abdul Salam

رقم الشهادة ــ 19707

هذه الشهادة تثبت أن شركة دين كورب انترناشيونال جلوبال سيرفيسز فرى زون، ذ.م.م

تأسست بموجب التسجيل رقم 19707 كشركة منطقة حرة ذات مسئولية محدودة في هذا اليوم 24 فبراير 2003، وأن كافة المتطلبات بموجب أحكام القانون رقم (1) لسنة 2000 لإمارة دبي بإنشاء دبي للتكنولوجيا والتجارة الإلكترونية والإعلام قد تم استيفاؤها.



EXHIBIT

C



# Certificate of Change in Name

The Registrar of Companies of the Dubai Technology, Electronic Commerce and Media Free Zone hereby certifies that DynCorp International Global Services FZ-LLC formed under Registration No. 19707 as a free zone limited liability company on the 24 day of February 2003 under the provisions of Law No. 1 of 2000 of the Emirate of Dubai establishing the Dubai Technology, Electronic Commerce and Media Free Zone has changed its name to DynCorp International FZ-LLC with effect from the 28 day of May 2003.

Dated the 29 day of May 2003

Issued under the Seal of the
Dubai Technology, Electronic
Commerce and Media Free Zone Authority



3/6/2003

**For Registrar**

Government of Dubai

سلطة منطقة دبي الحرة للتكنولوجيا و الإعلام

**Dubai Technology and Media Free Zone Authority**

حكــومــة دبـــي

**Licence No:** 19707

رقم الرخصة: 19707



| | | |
|---|---|---|
| **Licensee:** | DynCorp International FZ-LLC | داينكورب انترناشيونال منطقة حرة – ذ.م.م | صاحب الرخصة: |
| **Operating Name:** | DynCorp International FZ-LLC | داينكورب انترناشيونال منطقة حرة – ذ.م.م | الاسم التجاري: |
| **Business Unit:** | Dubai Internet City | مدينة دبي للإنترنت | قطاع العمل: |
| **Legal Status:** | Free Zone Limited Liability Company | شركة منطقة حرة ذات مسؤولية محدودة | الشكل القانوني: |
| **Address:** | Office No.101-111 & 117, Building 15, First Floor P.O. BOX 500367 Dubai, United Arab Emirates. | مكتب رقم 101- 111 & 117، مبنى رقم 15، الطابق الأول، ص ب 500367 دبي، الإمارات العربية المتحدة. | العنوان: |
| **Licence Sector:** | Regional Head Quarters | | قطاع الرخصة: |
| **Activities:** | Marketing Office | | النشــــاط: |
| **Manager:** | Jeffrey Charles Casperaites | جفري شارليز كاسبيريتز | المديـــــر: |
| **Issue Date:** | 28 May 2003 | 28 مايو 2003 | تاريخ الإصدار: |
| **Expiry Date:** | 31 May 2006 | 31 مايو 2006 | تاريخ الإنتهاء: |









**Note:**
This license # 19707 was issued to
DynCorp International Global
Services FZ-LLC on 24 February
2003

SG  For Registrar

**EXHIBIT**

**D**

EXHIBIT E-Affidavit of John Supina



# ARTICLES OF ASSOCIATION
## OF
### D...Corp International Global Services FZ-LLC

1.    The following Regulations shall constitute the Regulations of the Company. In these Articles words and expressions used in the attached Memorandum of Association shall have the same meaning and, unless otherwise required by the context, the singular shall include the plural and vice-versa, the masculine shall include the feminine and neuter and references to persons shall include corporations and all legal entities capable of having a legal existence.

## SHARES

2.    Subject to the provisions of these Articles and any resolution of shareholders the un-issued shares of the Company (whether forming part of the original or any increased authorized capital) shall be at the disposal of the shareholders who may offer, allot, grant options over or otherwise dispose of them to such persons at such times and for such consideration and upon such terms and conditions as the Company may by a resolution of shareholders determine.

3.    No share shall be issued except as fully paid up.

4.    The name and address of every person being the holder of registered shares, their class or series and the date when they became or ceased to become a shareholder, shall be entered as a shareholder in the share register.

5.    Every person whose name is entered as a shareholder in the share register being the holder of registered shares, shall without payment, be entitled to a certificate specifying the share or shares held and the par value thereof, provided that in respect of a registered share or shares held jointly by several persons, the Company shall not be bound to issue more than one certificate, and delivery of a certificate for a share to one of several joint holders shall be sufficient delivery to all.

6.    Every person to whom shares are issued must hold a certificate or such other proof as may legally acceptable specifying the share or shares held and the certificate must be issued under the Seal of Dubai Internet City of Dubai Technology, E-Commerce and Media Free Zone Authority.

7.    If a certificate is worn out or lost it may be renewed on production of a worn-out certificate, or on satisfactory proof its loss together with such indemnity as the directors may reasonably

Page 1

**Exhibit E**

require. Any shareholder receiving a share certificate shall indemnify and hold the Company, its directors and its officers harmless from any loss or liability which it or they may incur by reason of wrongful or fraudulent use or representation made by any person by virtue of the possession of such certificate.

## SHARE CAPITAL AND VARIATION OF RIGHTS

8.   Without prejudice to any special rights previously conferred on the holders of any existing shares or class of shares, any share in the Company may be issued with such preferred, deferred or other special rights or such restrictions, whether in regard to dividend, voting, return of capital or otherwise as the shareholders may from time to time determine.

9.   If at any time the authorized share capital is divided into different classes or series of shares, the rights attached to any class or series (unless otherwise provided by the terms of issue of the shares of that class or series) may, whether or not the Company is being wound up, be varied with the consent in writing of the holders of not less than three-fourths of the issued shares of any other class or series of shares which may be affected by such variation.

10.  The rights conferred upon the holders of the shares of any class issued with preferred or other rights shall not unless otherwise expressly provided by the terms of issue of the shares of that class, be deemed to be varied by the creation or issue of further shares ranking pari passu therewith.

## TRANSFER OF SHARES

11.  Subject to the provisions of the e-commerce laws in place in the United Arab Emirates and the Dubai Technology, Electronic Commerce and Media Free Zone, registered shares may be transferred by a written instrument signed by the transferor and containing the name and address of the transferee or in such other manner or form and subject to such evidence as the directors shall consider appropriate. The transfer shall take effect subject to approval by a resolution of shareholders and Dubai Technology Electronic Commerce & Media Free Zone Authority on registration of the transferee as holder of the shares and on surrender of the certificate, if any, representing the transferred shares.

12.  The directors shall have the power to close the share register for such period as they shall think fit, but not exceeding 60 days in any one year.

## TRANSMISSION OF SHARES

13.   (a)   The personal representative, guardian or heirs as the case may be of a deceased, incompetent or bankrupt sole holder of a registered share shall be the only persons recognized by the Company as having any title to the share. In the case of a share registered in the names of two or more holders, the survivor or survivors, and the personal representative, guardian or heirs as the case may be of the deceased, incompetent or bankrupt, shall be the only persons recognized by the Company as having any title to the share but they shall not be entitled to exercise any rights as a shareholder of the Company until they have proceeded as set forth in the following provisions.

(b)   Any person becoming entitled by operation of law or otherwise to a share or shares in consequence of the death, incompetence or bankruptcy of any shareholder may be registered as a shareholder upon such evidence being produced as may reasonably be required by the directors. An application by any such person to be registered as a shareholder for all purposes shall be deemed to be a transfer of shares of the deceased, incompetent or bankrupt shareholder and the directors shall treat it as such.

14.   Subject to the provisions of the laws in place in the United Arab Emirates and the Dubai Technology, E-Commerce and Media Free Zone, any person who has become entitled to a share or shares in consequence of the death, incompetence or bankruptcy of any member may, instead of being registered himself, request in writing that some person to be named by him be registered as a transferee of such share or shares and such request shall be treated as if it were a transfer.

## ACQUISITION OF OWN SHARES

15.   Subject to the approval of the Authority, the Company may purchase, redeem or otherwise acquire any of its own shares for such consideration as the Company by a resolution of shareholders consider fit, and either cancel or hold such shares as treasury shares. The Company may dispose of any shares held as treasury shares on such terms and conditions as the Company by a resolution of shareholders may from time to time determine. Shares may be purchased or otherwise acquired by the Company in exchange for newly issued shares in the Company.

16.   Subject to the approval of the Authority, the Company may by a resolution of shareholders amend its Memorandum of Association to increase or reduce its authorized capital.

Page 3

17.    Any capital raised by the creation of new shares shall be considered as part of the original capital, and shall be subject to the same provisions as if it had been part of the original capital.

18.    Subject to the approval of the Authority, the Company may amend its Memorandum of Association to :

(a) consolidate all or any of its share capital into shares of larger amount than its existing shares;

(b) cancel any shares which, at the date of the passing of the resolution, have not been taken or agreed to be taken by any person and diminish the amount of its authorized share capital by the amount of the shares so cancelled;

(c)    sub-divide its shares or any of them into shares of smaller amount than is fixed by the Memorandum of Association and so that subject to the provisions of section 9, the resolution whereby any share is sub-divided may determine that as between the holders of the shares resulting from such sub-division one or more of the shares may have such preferred or other special rights or be subject to any such restrictions as compared with the other or others as the Company has power to attach to un-issued or new shares;

(d) subject to the approval of the Authority, reduce its issued share capital or surplus.

19.    Where any difficulty arises in regard to any consolidation and division under section 18, the Company by a resolution of shareholders may settle the same as it thinks expedient.

## MEETINGS OF SHAREHOLDERS

20.    The directors may convene meetings of the shareholders of the company at such times and in such manner and places as the directors consider necessary or desirable, and they shall convene such a meeting upon the written request of shareholders holding more than 10 percent of the votes of the outstanding voting shares in the Company.

21.    At least seven days notice specifying the place, the day and the hour of the meeting and the general nature of the business to be conducted shall be given to such persons whose names on the date of the notice is given appear as shareholders in the share register of the Company.

22.    A meeting of the Shareholders shall be deemed to have been validly called, notwithstanding that it is called in contravention of the requirement to give notice in Sections 20 and 21 above, if shorter notice of the meeting is agreed by shareholders holding not less than 90 percent of the total number of shares having a right to attend and vote at the meeting, or if all such shareholders have waived notice of the meeting. Presence at the meeting shall be deemed to constitute waiver.

Page 4

23.   The inadvertent failure of the directors to give notice of a meeting to a shareholder or to the agent or attorney of a shareholder as the case may be, or the fact that a shareholder or such agent or attorney has not received the notice, does not invalidate the meeting.

24.   A shareholder may be represented at a meeting of shareholders by a proxy who may speak and vote on behalf of that shareholder.

25.   The instrument appointing a proxy shall be produced at the place appointed for the meeting before the time for holding the meeting at which the person named in such instrument proposes to vote.

26.   The instrument appointing a proxy shall be in the following form or in such other form as the Chairman of the meeting shall accept as acceptable evidence of the wishes of the shareholder appointing the proxy.

### FORM OF PROXY

I/We _____ being a shareholder of the above Company, hereby appoint _____ of _____ to be my/our proxy to vote for me/us and on my/our behalf at the meeting of shareholders to be held on the _____ day of _____, 2000, and at any adjournment thereof.

Signed this _____ day of _____,2000.

_____
Shareholder

### PROCEEDINGS AT MEETINGS OF SHAREHOLDERS

27.   No business shall be transacted at any meeting of shareholders unless a quorum of shareholders is present at the time when the meeting proceeds to business. A quorum shall consist of one or more shareholder present in person or by proxy representing at least one half of the votes of the shares or each class of series of shares entitled to vote as a class or series and the same proportion of the votes of the remaining shares entitled to vote.

28.   If within one hour form the time appointed for the meeting a quorum is not present, the meeting, if convened upon the requisition of shareholders, shall be dissolved; in any other case it shall stand adjourned to the next business day at the same time and place or to such other time and place as the directors may determine, and if at the adjourned meeting there are present within one hour from the time appointed for the meeting in person or by proxy not less than one third of the votes of the shares of each class or series of shares entitled to vote on the resolutions to be considered by the meeting, those present shall constitute a quorum but otherwise the meeting shall be dissolved.

The Chairman, if any, of the Board of Directors shall preside as Chairman at every general meeting of the Company.

If there is no such Chairman, or if at any meeting he is not present within fifteen minutes after the time appointed for holding the meeting, the shareholders present shall choose someone of their number to be Chairman.

Page 5

29.   The Chairman may, with the consent of the meeting, adjourn any meeting from time to time, and from place to place, but no business shall be transacted at any adjourned meeting other than the business left unfinished at the meeting from which the adjournment took place.

30.   Voting shall be in accordance with the voting rights attached to each class or series of shares, if any. If two or more persons are jointly entitled to a registered share and if more than one of such persons is desirous of voting at the meeting whether in person or by proxy, the vote of that person whose name appears first among such voting joint holders in the share register alone shall be counted.

31.   A shareholder may be present at a meeting if he participates by telephone or other electronic means and all shareholders participating at the meeting are able to hear each other.

32.   At any meeting of the shareholders the Chairman shall be responsible for deciding in such manner as he shall consider appropriate whether any resolution has been carried or not and the result of his decision shall be announced to the meeting and recorded in the minutes thereof. If the Chairman shall have any doubt as to the outcome of any resolution put to the vote, he shall cause a poll to be taken of all votes cast upon such a resolution, but if the Chairman shall fail to take a poll then any shareholder present in person or by proxy who disputes the announcement by the Chairman of the result of any vote may immediately following such announcement demand that a poll be taken and the Chairman shall thereupon cause a poll to be taken. If a poll is taken at any meeting, the result thereof shall be duly recorded in the minutes of that meeting by the Chairman.

33.   Unless a poll be so demanded, a declaration by the Chairman that a resolution has, on a show of hands, been carried, and an entry to that effect in the book containing the minutes of the proceedings of the Company, shall be sufficient evidence of the fact, without proof of that number or proportion of the votes recorded in favour of or against such a resolution.

34.   If a poll is duly demanded it shall be taken in such manner as the Chairman directs, and the result of the poll shall be deemed to be the resolution of the meeting at which the poll was demanded. The demand for a poll may be withdrawn.

35.   A resolution which has been notified to all shareholders for the time being entitled to vote and which has been approved by a majority of votes of those shareholders in the form of one or more documents in writing by telex, telegram, cable or other written electronic communication shall without the need for any notice, become effectual as at the date thereof as a resolution of the shareholders.

36.   Any person other than an individual shall be regarded as one shareholder and subject to Section 37 below the right of any individual to speak for or represent such shareholder shall be determined by the law of the jurisdiction where, and by the documents by which, the person is constituted or derives its existence. In case of doubt, the directors may in good faith seek legal advice from any qualified person and unless and until a court of competent jurisdiction shall otherwise rule, the directors may rely and act upon such advice without incurring any liability to any shareholder.

37.   Any person other than an individual which is a shareholder of the Company may by a resolution of its directors or other governing body authorize such person as it thinks fit to act as its representative at any meeting of the Company or of any class of shareholders of the Company, and the person so authorized shall be entitled to exercise the same powers on behalf of the person which he represents as that person could exercise if it were an individual shareholder of the Company.

Page 6

**DIRECTORS**

38.   The first director or directors shall be elected by the subscriber to the Memorandum of Association. Thereafter, the directors shall be elected by the shareholders for such term as the shareholders may determine and may be removed by them.

| Name | Designation | Nationality | Address |
|---|---|---|---|
| Mr. Paul V. Lombardi | Director | American | 2600 Penny Royal Lane Reston VA 20190 703-620-9440 |
| Mr. David L. Reichardt | Director | American | 6708 Connecticut Avenue Chevy Chase MD 20815 301-907-4858 |
| Mr. Stephen J. Cannon | Director | American | 6500 West Freeway, Suite 500, Fort Worth, TX 76116 817-737-1500 |
| Mr. Jay K Gorman | Director | American | 6500 West Freeway, Suite 500, Fort Worth, TX 76116 817-737-1500 |
| Mr. John W. Supina | Director | American | 6500 West Freeway, Suite 500, Fort Worth, TX 76116 817-737-1500 |
| Mr. Mark P. Hannak | Director | American | Block 4, Villa 367, Sabah Al Salem, Kuwiat |
| Mr. Jeffrey Casperaites | Director/Manager | American | Joseph – Meyer 13-15, 7th Floor, 68167 Mannheim, Germany |

39.   The number of the directors shall be not less than one nor more than seven.

40.   Each director holds office according to the terms of his appointment until his successor takes office or until his earlier death, resignation or removal.

41.   A vacancy in the Board of Directors may be filled by the appointment of a new director pursuant to a resolution of shareholders.

42.   A director shall not require a share qualification, but nevertheless shall be entitled to attend and speak at any meeting of the shareholders and at any separate meeting of the holders of any class of shares in the Company.

43.   A director by writing under his hand may from time to time appoint another director or any other person to be his alternate. Every such alternate shall be entitled to be given notice of meetings of the directors and to attend and vote as a director at any such meeting at which the director appointing him is not personally present and generally at such meeting to have and exercise all the powers, rights, duties and authorities of the director appointing him.

Every such alternate shall be deemed to be an officer of the Company and shall not bee deemed to be an agent of the director appointing him. If undue delay or difficulty would be occasioned by giving notice to a director of a resolution of which his approval is sought in accordance with section 60, his alternate (if any) shall be entitled to signify approval of the same on behalf of that director. A Director by writing under his hand may at any time revoke the appointment of an alternate appointed by him. If a director shall die or cease to hold the office of director, the appointment of his alternate shall thereupon cease and terminate.

44.    The shareholders may by resolution, fix the emoluments of directors in respect of services rendered or to be rendered in any capacity to the Company. The directors may also be paid such traveling, hotel and other expenses properly incurred by them in attending and returning from meetings of the directors, or any committee of the directors or meetings of the shareholders, or in connection with the business of the Company.

45.    Any director who, by request, goes or resides abroad for any purposes of the Company or who performs services which in the opinion of the Board go beyond the ordinary duties of a director, may be paid such extra remuneration (whether by way of salary, commission, participation in profits or otherwise) as shall be approved by a resolution of shareholders.

46.    The Company may pay to a director who at the request of the Company holds any office (including a directorship) in, or renders services to any company in which the Company may be interested, such remuneration (whether by way of salary, commission, participation in profits or otherwise) in respect of such office or services as shall be approved by a resolution of shareholders.

47.    The office of director shall be vacated if the director:

       (a) is removed from office by a resolution of shareholders, or

       (b) becomes bankrupt or makes any arrangement or composition with his creditors generally, or

       (c)    becomes of unsound mind, or of such infirm health as to be incapable of managing his affairs, or

       (d) resigns his office by notice in writing to the Company.

48.    A director may hold any other office or position of profit under the Company (except that of auditor) in conjunction with his office or director, and may act in a professional capacity to the Company on such terms as to remuneration and otherwise as the shareholders shall arrange.

49.    A director may be or become a director or other officer of, or otherwise interested in any company promoted by the Company, or in which the Company may be interested, as a shareholder or otherwise, and no director shall be accountable for any remuneration or other benefits received by him as director or officer or from his interest in such other company. Subject to the approval of the shareholders, the directors may also exercise the voting powers conferred by the shares in any other company held or owned by the Company in such manner in all respects as they think fit, including the exercise thereof in favour of any resolutions appointing them, or any of their number, directors or officers of such other company, or voting or providing for the payment of remuneration to the directors or officers of such other company. Subject also to the approval of the shareholders, a director may vote in favour of the exercise of such voting rights in manner aforesaid, notwithstanding that he may be, or be about to become, a director or officer of such other company, and as such in

any other manner is, or may be interested in the exercise of such voting rights in manner aforesaid.

50.    No director shall be disqualified by reason of his office from contracting with the Company, either as vendor, purchaser or otherwise, nor shall any such contract or arrangement entered into by or on behalf of the Company in which any director shall be in any way interested be avoided, nor shall any director so contracting or being so interested be liable to account to the Company for any profit realized by any such contract or arrangement, by reason of such director holding that office or of the fiduciary relationship thereby established. The nature of a director's interest must be declared by him at the meeting of the directors at which the question of entering into the contract or arrangement is first taken into consideration, and if the director was not at the date of that meeting interested in the proposed contact or arrangement, or shall become interested in a contract or arrangement after it is made, he shall forthwith after becoming so interested advise the Company in writing of the fact and nature of his interest. A general notice to the directors by a director that he is a shareholder of a specified firm or company, and is to be regarded as interested in any contract or transaction which may, after the date of notice, be made with such firm or company shall (if such director shall give the same at a meeting of the directors, or shall take reasonable steps to secure that the same is brought up and read at the next meeting of directors after it is given) be sufficient declaration of interest in relation to such contract or transaction with such firm or company.

51.    A director may be counted as one of a quorum upon a motion in respect of any contract or arrangement which he shall make with the Company, or in which he is so interested as aforesaid, and may vote upon such motion. However, if the agreement or transaction cannot be approved by a resolution of directors without counting the vote or consent of any interested director the agreement or transaction may only be validated by approval or ratification by a resolution of shareholders.

## POWERS OF DIRECTORS

52.    The business and affairs of the Company shall be managed by the directors who may pay all expenses incurred preliminary to and in connection with the formation and registration of the Company, and may exercise all such powers of the Company as are not by the Law or by these provisions required to be exercised by the shareholders subject to any delegation of such powers as may be authorized by these provisions and to such requirements as may be prescribed by a resolution of the shareholders; but no requirement made by a resolution of the shareholders shall invalidate any prior act of the directors which would have been valid if such requirement had not been made.

53.    The Board may entrust to and confer upon any director or officer any of the powers exercisable by it upon such terms and conditions and with such restrictions as it thinks fit, and either collaterally with, or to the exclusion of, its own powers, and may from time to time revoke, withdraw, alter or vary all or any of such powers. The directors may delegate any of their powers to committees consisting of such member or members of their body as they think fit; any committee so formed shall in the exercise of the powers so delegated conform to any regulations that may be imposed on it by the directors.

54.    The Company may from time to time and at any time by a resolution of directors appoint any company, firm or person or body of persons, whether nominated directly or indirectly by the directors, to be the attorney or attorneys of the Company for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the directors under these Articles) and for such period and subject to such conditions as they may think fit, and any such powers of attorney may contain such provisions for the

Page 9

protection and convenience of persons dealing with any such attorney as the directors may think fit and may also authorize any such attorney to delegate all or any of the powers, authorities and discretions vested in him.

55.    Any director who is a body corporate may appoint any person its duly authorized representative for the purpose of representing it at Board Meetings and of transacting any of the business of the directors.

56.    All cheques, promissory notes, drafts, bills of exchange and other negotiable instruments and all receipts for monies paid to the Company, shall be signed, drawn, accepted, endorsed or otherwise executed, as the case may be, in such manner as the Company shall from time to time by a resolution of shareholders determine.

57.    The directors may by a resolution of shareholders exercise all the powers of the Company to borrow money and to mortgage or charge its undertakings and property or any part thereof, to issue securities whenever money is borrowed or as security for any debt, liability or obligation of the Company or of any third party.

58.    Subject to section 39, the continuing directors may act notwithstanding any vacancy in their body.

### PROCEEDINGS OF DIRECTORS

59.    The directors may meet together for the dispatch of business, adjourn and otherwise regulate their meetings as they think fit. Questions arising at any meeting shall be decided by a majority of votes; in case of any equality of votes the Chairman shall have a second or casting vote. A director may at any time summon a meeting of directors.

60.    Provided that there shall be more than one director the quorum for directors' meetings shall be one half of the total number of directors or alternate directors and a minimum of 3 days notice (exclusive of the day of the meeting) shall be given to all directors and alternate directors of any meeting of the Board unless all the directors or their alternates on their behalf shall waive such notice for any particular meeting or any director shall waive his rights to receive notice. Presence at the meeting shall be deemed to constitute waiver.

61.    A sole director shall have full power to represent the Company notwithstanding the reference in these Articles to a Board of Directors consisting of more than one person.

62.    The directors may elect a Chairman of their meeting and determine the period for which he is to hold office, but if no such Chairman is present at the time appointed for holding the same, the directors present shall choose one of their number to be the Chairman of such meeting.

63.    The directors may delegate any of their own powers to committees consisting of such of their body as they think fit; any committee so formed shall, in the exercise of the powers so delegated, conform to any regulations that may be imposed on it by the directors.

A committee may elect a Chairman of its meeting; if not such Chairman is elected, or if he is not present at the time appointed for holding the meeting the members of the committee present shall choose one of their number to be Chairman of such meeting.

A committee may meet and adjourn as it thinks proper. Questions arising at any meeting shall be determined by a majority of votes of its members present, and in case of an equality of votes, the Chairman shall have a second or casting vote.

Page 10

All acts done by any meeting of the directors, or of a committee of directors, or by any person acting as a director, notwithstanding that it be afterwards discovered that there was some defect in the appointment of any such directors or persons acting as aforesaid, or that they or any of them were disqualified are hereby ratified and shall be as valid as if every such person had been duly appointed and was qualified to be a director.

64. The directors shall cause the following books to be kept :
    (a) minutes of all meetings of directors, and committees appointed by them;
    (b) copies of all resolutions consented to by directors and committees appointed by them;
    (c)     such other books and records as may be necessary or desirable in their opinion to reflect the financial position of the Company.

65. A resolution approved by all the directors or members of a committee for the time being entitled to receive notice of a meeting of the directors or of a committee of the directors and taking the form of one or more documents in writing or messages transmitted by teleprinter from a duly authenticated source shall be as valid and effectual as if it had been passed at a meeting of the directors or such committee duly convened and held. Any one or more members of the Board of Directors or any committee thereof may participate in a meeting of such Board of committee by means of a conference telephone or similar communication equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at a meeting.

## OFFICERS

66. (a) The Company may, by a resolution of directors, appoint officers of the Company at such times as shall be considered necessary or expedient, and such officers may consist of a General Manager, one or more Assistant General Manager, a Secretary and a Treasurer and such officers as may from time to time be deemed desirable.

    The officers shall perform such duties as shall be prescribed at the time of their appointment subject to any modification in such duties as may be prescribed by the directors thereafter, but in the absence of any specific allocation of duties it shall be the responsibility of the General Manager to manage the day to day affairs of the Company, the Assistant General Manager to act in order or seniority in the absence of General Manager but otherwise to perform such duties as may be delegated to them by the General Manager, the Secretary to maintain the registers, minute books and records (other than financial records) of the Company and to ensure compliance with all procedural requirements imposed on the Company by applicable law, and the Treasurer to be responsible for the financial affairs of the Company.

    (b) The emoluments of all officers shall be fixed by a resolution of the directors.

    (c)     Any person may hold more than one office and no officer need be a director or member of the Company. The officers shall remain in office until removed from office by the directors whether or not a successor is appointed.

67. Any officer who is a body corporate may appoint any person its duly authorized representative for the purpose of representing it and transacting any of the business of the officers.

68. No agreement or transaction between the Company and one or more of its directors or any person in which any director has a financial interest or to whom any director is related, including as a director of that other person, is void or, voidable for this reason only or by reason only that the director is present at the meeting of directors or at the meeting of the

Page 11

committee of directors that approves the agreement or transaction or that the vote or consent of the director is counted for that purpose if the material facts of the interest of each director in the agreement or transaction and his interest in or relationship to any other party to the agreement or transaction are disclosed in good faith or are known by the other directors.

69.    A director who has an interest in any particular business to be considered at a meeting of directors may be counted for purposes of determining the required quorum. However, the vote of such director shall not be counted for the purpose of passing a resolution in that particular business.

## INDEMNIFICATION

70.    The Company may indemnify against all expenses, including legal fees, and against all judgements, fines and amounts paid in settlement and reasonably incurred in connection with legal, administrative or investigative proceedings any person who :

(a) is or was a party or is threatened to be made a party to any threatened, pending or completed proceedings, whether civil, criminal, administrative or investigative, by reason of the fact that the person is or was a director, an officer or a liquidator of the Company; or

(b) is or was, at the request of the Company, serving as a director, officer or liquidator of or, in any other capacity, is or was acting for another company or partnership, joint venture or other enterprise;

provided that, the person acted honestly and in good faith with a view to the best interests of the Company, and, in the case of criminal proceedings, had no reasonable cause to believe that his conduct was unlawful.

71.    The decision of the directors as to whether the person acted honestly and in good faith and with a view to the best interests of the Company and as to whether the person had no reasonable cause to believe that his conduct was unlawful is, in the absence of fraud, sufficient for the purposes of section 70, unless a question of law is involved.

72.    The termination of any proceedings by any judgement, order, settlement, conviction or the entering of a "nolle prosequi" does not, by itself, create a presumption that the person did not act honestly and in good faith and with a view to the best interests of the Company or that the person had reasonable cause to believe that his conduct was unlawful.

73.    If a person referred to in section 70 has been successful in defence of any proceedings referred to in that section, the person is entitled to be indemnified against all expenses, including legal fees, and against all judgements, fines and amounts paid in settlement and reasonably incurred by the person in connection with the proceedings.

74.    The Company may purchase and maintain insurance in relation to any person who is or was a director, an officer or a liquidator of the Company, or who, at the request of the Company, is or was serving as a director, an officer or a liquidator of, or in any other capacity is or was acting for, another company or a partnership, joint venture, or other enterprises, against any liabilities asserted against the person and incurred by the person in that capacity, whether or not the Company has or would have had the power to indemnify the person against the liability under section 70.

**SEAL**

Page 12

75.  The directors shall provide for the safe custody of the Seal, and every instrument to which the Seal shall be affixed shall be signed by one or more persons so authorized from time to time by the directors. If so authorized by resolution of directors, a facsimile of the Seal and of the signatures of any authorized signatory as is herein provided may be reproduced by printing or other means on any instrument and shall have the same force and validity as if the Seal had been affixed to such instrument and the same had been signed as hereinbefore described.

## DIVIDENDS AND RESERVES

76.  Subject to the approval of the shareholders, the directors may from time to time declare and pay a dividend whether interim or final and whether in money or in specie, but no dividend shall be declared and paid :

(a) except out of surplus;

(b) unless the directors determine that immediately after payment of the dividend :

    (i)  the Company will be able to satisfy its liabilities as they become due in the ordinary course of its business and

    (ii)  the realizable value of the assets of the Company will not be less than the sum of its total liabilities and of its capital as shown in the books of account.

77.  The directors may, before declaring any dividend, set aside out of the profits of the Company such sum as they think proper as a reserve fund for whatever purpose, and may invest the sum so set apart as a reserve fund upon such securities as they may select.

78.  The directors may deduct from the dividends payable to any shareholder all such sums of money as may be due from that shareholder to the Company.

79.  Notice of any dividend that may have been declared shall be given to each shareholder in manner hereinafter mentioned and all dividends unclaimed for three years after having been declared may be forfeited by the directors for the benefit of the Company.

80.  No dividends shall bear interest as against the Company.

81.  Any one of the joint holders of a share may give a valid receipt to the Company for dividends paid thereon.

## ACCOUNTS

82.  The books of account shall be kept at the Registered Office of the Company or at such other place or places as the directors think fit.

83.  The directors may be required by a resolution of shareholders to cause to be made out and lay before the Company in a meeting of shareholders at some date not later than eighteen months after incorporation of the Company and subsequently once at least every calendar year a profit and loss account for a period in the case of the first account since incorporation of the Company and in any other case, since the preceding account, made to a date not earlier than the date of the meeting by more than twelve months, and a balance sheet as at the date to which the profit and loss account is made up. The Company's profit and loss account and balance sheet shall be drawn up so as to give respectively a true and fair view of the profit or loss of the Company for that financial period, and a true and fair view of the state of the affairs of the Company as at the end of that financial period.

Page 13

84. If so required by the shareholders, a copy of such profit and loss account and balance sheet shall be served on every member in the manner to that prescribed herein for calling a meeting.

## FINANCIAL YEAR

85. The financial year of the Company shall commence on 1st January and shall end on 31st December each year, with the exception of the first financial year, which shall commence on the date of the registration of the Company in the Companies Register and end on the 31st December of the next year provided that no financial year shall exceed 18 months or be less than sixth months.

## AUDIT

86. The Company shall have one or more auditors to be appointed by the shareholders. The auditor(s) shall hold office from the date of appointment until such date of the shareholders' meeting wherein the accounts audited by them are discussed in that meeting. The remuneration of the auditor(s) shall be fixed by the shareholders.

87. The auditor(s) shall examine the profit and loss account and balance sheet required to be laid before the Company in a shareholders' meeting and shall state in a written report whether or not :

(a) in his opinion the profit and loss account and balance sheet give a true and fair view respectively of the profit and loss for the period covered by the accounts, and of the state of affairs of the Company at the end of that period;

(b) all the information and explanations required by the auditor(s) have been obtained.

88. The report of the auditor(s) shall be annexed to the accounts and shall be read at the shareholders' meeting, at which the accounts are laid before the Company.

89. The auditor(s) of the Company shall have a right of access at all times to the books of account and vouchers of the Company, and shall be entitled to require from the officers of the Company such information and explanations as he thinks necessary for the performance of the duties of the auditor(s).

90. The auditor(s) of the Company shall be entitled to receive notice of, and to attend any shareholders' meeting at which the Company's profit and loss account and balance sheet are to be presented for discussion and consideration.

## CAPITALIZATION OF PROFITS AND BONUS SHARES

91. The shareholders may resolve that it is desirable to capitalize any part of the amount, for the time being standing to the credit of the Company's surplus account or otherwise available for distribution, as a dividend and accordingly that such sum be set free for distribution amongst the shareholders who would have been entitled thereto if distributed by way of dividend and in the same proportions on condition that the same be not paid in cash but applied either in or towards paying up in full unissued shares of the Company to be allotted and distributed credited as fully paid to and amongst such shareholders.

92. A share allotted in accordance with section (91) shall be treated for all purposes as having been issued for money equal to the surplus that is transferred to capital upon the issue of the share.

93.  In the case of an allotment of authorized but unissued shares with par value, an amount equal to the aggregate par value of the shares shall be transferred from surplus to capital at the same time of the allotment.

94.  In the case of an allotment of authorized but unissued shares without par value, the amount designated by the shareholders shall be transferred from surplus to capital at the time of the allotment, except that the Company by a resolution of shareholders must designate as capital an amount that is at least equal to the amount that the shares are entitled to as a preference if any in the assets of the Company upon liquidation of the Company.

95.  The allotment of bonus shares shall be treated as a dividend of shares.

96.  Subject to the approval of the shareholders, the directors shall make all appropriations and applications of the surplus thereby resolved to be capitalized and all allotments and issues of fully paid shares if any, and generally shall do all acts and things required to give effect thereto, with full power to the directors to ignore fractions altogether or to determine that payment be made in cash or otherwise as they think fit in the case of shares becoming distributable in fractions, and also to authorize any person to enter on behalf of all the members entitled thereto into an agreement with the Company providing for the allotment to them respectively, credited as fully paid, of any further shares to which they may be entitled upon such capitalization, and any agreement made under such authority shall be effective and binding on all such shareholders.

## NOTICES

97.  A notice may be served by the Company upon any registered shareholder either personally or by posting it by airmail service in a prepaid letter addressed to him at his address as shown in the share register or by telex, telegram, cable or other written electronic communication.

98.  All notices directed to be given to the shareholders shall with respect to any share to which persons are jointly entitled, be given to whichever of such person is named first in the register of shareholders, and notice so given shall be sufficient notice to all the holders of such share.

99.  Any notice, if served by post, shall be deemed to have been served within ten days of posting and in proving such service, it shall be sufficient to prove that the letter containing the notice was properly addressed and put into the post office. Notices by telex, telegram, cable or other written electronic communication shall be deemed to have been served 24 hours after dispatch.

100.  Notice may be served on the Company by posting it by prepaid service addressed to the Company as its Registered Office.

## ARBITRATION

101.  Whenever any differences arise between the Company on the one hand and any of the shareholders, their heirs, executors, administrators or assigns on the other hand touching the true intent and construction or the incidence or consequences of these Articles, touching anything then or thereafter done or executed, omitted or suffered in pursuance of the Law or touching any breach or alleged breach or these Articles or to any act affecting the Company or to any of the affairs of the Company, such difference shall, unless the parties agree to refer to a single arbitrator be referred to two arbitrators one to be chosen by each of the

Page 15

parties to the difference and the arbitrators shall before entering on the reference appoint an umpire. The award of the arbitrator shall be final and binding on all parties concerned.

102.    In absence of any arbitration rules in the Dubai Technology, E-Commerce and Media Free Zone, arbitration shall be conducted in accordance with the arbitration rules and procedures of the Dubai Chamber of Commerce and Industry.

## PENSION AND SUPERANNUATION FUNDS

103. The directors may establish and maintain or procure the establishment and maintenance of any non-contributory or contributory pension or superannuation funds for the benefit of, and give or procure the giving of donations, gratuities, pensions, allowances or emoluments to any persons who are or were at any time in the employment or service of the Company or any Company which is a subsidiary of the Company or is allied to or associated with the Company or with any such subsidiary or who are or were at any time directors or officers of the Company or of any such other company as aforesaid or who hold or held any salaried employment or office in the Company or such other company, or any persons in whose welfare the Company or any such other company as aforesaid is or has been at any time interested, and to the wives, widows, families and dependents of any such person, and may make payments for or towards the insurance of any such persons as aforesaid, and may do any of the matters aforesaid either alone or in conjunction with any such other company as aforesaid.

## DISSOLUTION OF THE COMPANY

104. The Company shall be dissolved for any of the following reasons :

    (i)     a resolution by the shareholders holding 75% of the capital to dissolve the Company;

    (ii)    fulfillment of the objects for which the Company was established, if so desired by the shareholders;

    (iii)   amalgamation of the Company with another company;

    (iv)    the depletion of all or most of the assets of the Company making beneficial investment of the remainder of the assets, if any, impracticable;

    (v)     upon the rendering of a decision from the Court to dissolve the Company.

## LIQUIDATION OF THE COMPANY

105. One or more liquidators shall be appointed by the shareholders, unless the shareholders agree otherwise upon the dissolution of the Company. If the liquidation is by decision of the Court, the Court shall determine the manner of the liquidation and shall appoint a liquidator, and the powers of the Director(s) shall cease when the liquidator is appointed.

## AMENDMENT TO ARTICLES

106. The Company may by a resolution of shareholders alter or modify these Articles as originally drafted or as amended from time to time.

Page 16

**GOVERNING LAW**

107. The Company shall be subject to the laws, rules and regulations from time to time in force in the Dubai Technology, E-Commerce and Media Free Zone.

**Miscellaneous**

108. Matters not provided for in this Article of Association of the Company shall be subjected to Implementing Regulation in the Free Zone.

In witness whereof, we the undersigned do hereby subscribe our names to these Articles of Association on 24th day of February, 2003.

Name : *Jeffrey C. Carpenter*

Signature : *Jeffrey Carpenter*

Name : _____

Signature : _____

SIGNED
IN MY PRESENCE

جمـــال عبـد الـــلام
Jamal Abdul Salam

For Registrar

Page 17



For Registrar

جمــال عبــد السـلام
Jamal Abdul Salam