## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JOHNNY POTTS and JANICE POTTS,** | &#124; |
| | &#124; |
| **Plaintiffs,** | &#124; |
| | &#124;   **Civil Action No.** |
| **v.** | &#124; |
| | &#124;   **3:06-cv-00124-WHA-CSC** |
| **DYNCORP INTERNATIONAL LLC,** | &#124; |
| **JAMES McCANTS, et al.,** | &#124; |
| | &#124; |
| **Defendants.** | &#124; |

### REPLY TO RESPONSE TO MOTION TO DISMISS [DOC. 52]

COMES NOW Defendant DynCorp International Free-Zone, LLC ("DIFZ") appearing solely for the purpose of challenging insufficient service of process and the personal jurisdiction of this Court over DIFZ and by permission of this Court's order [Doc. 53] does hereby reply to the Opposition to Motion to Dismiss [Doc. 56] and in support of the Motion to Dismiss [Doc. 52] as follows:

Plaintiffs have unsuccessfully attempted to pull bits and pieces from a variety of non-binding sources to try to create a false sense that personal jurisdiction and service of process are loose concepts with no constitutional or procedural boundaries. They argue that this Court has personal jurisdiction over a company which was formed and operated exclusively overseas to resolve liability claims for an overseas accident involving an employee driver with no contacts with the forum state even when service

of process on that company was attempted upon a related company's employee who did not sign for the mailing and who was not authorized to receive service.

Fundamentally, this is a case involving the question of whether under the facts presented Alabama can exercise general jurisdiction over an overseas corporation concerning an overseas injury. Plaintiffs have cited no case establishing general jurisdiction over a company which does not systematically and regularly do business in the forum state. This is true especially when no one was properly served. Therefore, Plaintiffs' attempts must fail because they stretch the limits of personal jurisdiction beyond all constitutional bounds.

## REPLY ARGUMENT

Plaintiffs' heavy reliance upon the Supreme Court's decision in *Volkswagonwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988), is misplaced because the "right circumstances" for accepting service upon an overseas corporation by service upon a domestic subsidiary which existed in that case do not exist here. That case involved an overseas corporation which purposefully marketed its automobiles to the United States and intended to and had sold them in the forum state for decades before being sued there relating to an alleged defect in such a product. In fact, general or specific subject matter jurisdiction was not even contested presumably because VW had continuously marketed products to the forum state and the injury

occurred in the forum state. Moreover, that case only dealt with what constituted proper constitutional service upon a foreign company domiciled in a country which had signed the Hague Convention for the Service of Judicial Documents. There is no contention Dubai is a signatory to such a treaty. In other words, that case established personal jurisdiction per the Hague Convention over the manufacturer of a foreign automobile manufactured with the knowledge it would be sold in the United States and which allegedly caused an injury in the United States. While it is correct to say that in the "right circumstances" the Supreme Court would accept service on a domestic subsidiary as establishing jurisdiction under the Hague Convention and U.S. Constitution, it is incorrect to suggest that those "right circumstances" exist when: (a) there is no specific or general jurisdiction over the defendant; (b) the Hague Convention is not applicable and (c) the "domestic subsidiary" was not properly served with the claims against the overseas company to begin with.

The same is true of the non-Eleventh Circuit cases[1] cited to support the proposition that you can simply serve a subsidiary to obtain jurisdiction over an overseas parent corporation. The case of *Greene v. Swissair Transport Co.*, 33 F.R.D

---

[1] It is difficult to see why the case of *Keller v. Clark Equipment Co.*, 367 F.Supp. 1350 (D. N.D. 1973), was cited by Plaintiffs. It was actually reversed on other grounds and involved a United States patent royalty dispute and not an accident overseas.

13 (S.D.N.Y. 1963), involved an overseas tour agency which established a subsidiary domiciled in the forum state.  There the court found that the foreign company had purposefully established a presence in the forum state such that it could be subject to general jurisdiction in the forum state which is not the case here. In this case the alleged subsidiary/parent upon which service was allegedly perfected is domiciled outside Alabama.

Plaintiffs cite *Spann v. Colonial Village, Inc.* 124 F.R.D. 1 (D.D.C. 1988), and *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994), for the general proposition that notice is the cornerstone of service.  However, *Spann* involved a claim arising in the forum state against a company doing business in the forum state and service upon a subsidiary holding itself out as an agent of the company in the forum state.  124 F.R.D. 2.  None of those circumstances exist in this case.  And *Chan* involved an admiralty claim in which the defendant had a domiciled representative in the forum state representative providing services in the forum state far beyond "mere solicitation" such that if the foreign corporation had no representative in the forum state performing those services it would provided those services there itself.  39 F.3d at 1405-1406.  Again, here, the alleged subsidiary/parent operated in Virginia where it "merely solicited" employees on behalf of DIFZ.   If this suit were filed in Virginia, instead of Alabama, perhaps Plaintiffs might have a stronger argument in using this

non-Eleventh Circuit authority to support their position. But as it was filed in Alabama, jurisdiction over DIFZ is insufficient.

The lone Eleventh Circuit case cited by plaintiffs, *Consolidated Development Corporation v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000), actually affirmed dismissal of a complaint on jurisdictional grounds when the defendants lacked sufficient regular and systematic business contacts with the United States to justify exercise of general personal jurisdiction over them. Indeed in finding the exercise of jurisdiction over a foreign corporation unconstitutional, that case states:

> "The due process requirements for general jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state."

*Id.* at 1292. This is a common principal found in other cases on this issue.

Closer to the point might be the Southern District of Alabama case of *King v. McAllister Brothers, Inc.*, 659 F. Supp 39 (S.D. Ala. 1987), which involved a tort occurring outside of the state against a foreign company which did directly do business in Alabama. In *King*, the plaintiffs argued that the defendant had sufficient contacts with Alabama because it directly solicited plaintiff's employment in Mobile and that it had its vessels inspected bi-annually by a ship-building company in Mobile. The Court found that defendant did nothing more that purchase ship repair services and labor in Alabama every couple of years. And while the defendant may have

solicited plaintiff in Alabama, the court noted that the plaintiff worked for the defendant in Panama where the accident actually happened. The court noted that while the defendant's contacts with Alabama may have been sufficient to obtain specific jurisdiction over suits relating to the ship repair or employment contracts, the contacts were not widespread or systematic enough to give the court general jurisdiction over the defendant relating to torts that occurred outside of Alabama. 659 F. Supp 43-44. Here, of course, DIFZ did not do any business in Alabama and did not solicit the Plaintiff to do any work anywhere. Additionally, the person DIFZ hired through its relationship with Dyncorp in the United States and who is alleged to have caused an accident in Iraq is from Georgia and not even subject to the jurisdiction of this Court. See Doc. 48-1.

Even when Plaintiffs cite authority from Alabama they cannot cite a case on point. Plaintiffs' citation to *Ex parte Vokswagenwerk*, 443 So.2d 880 (Ala. 1983), again involved a jurisdiction suit against a foreign corporation systematically marketing to the forum state through a wholly-owned subsidiary and an injury occurring in the forum state. But even the Alabama Supreme Court has distinguished that decision and found inadequate personal jurisdiction when the person served was not the proper agent for the defendant. See *Kingvision Pay-Per-View, Ltd. v. Ayers*, 886 So.2d 45 (Ala. 2003) (Finding that the proper test is the control of the principal

over the agent served instead of the control of the agent served over the principal's affairs). Yes, it is true that the *Alabama* Rules of Civil Procedure provide that if the *only* defect in personal jurisdiction was the failure to properly perfect service an Alabama State Court should not totally dismiss plaintiffs' case unless the statute of limitations has run, but the *Federal* Rules of Civil Procedure contain no such provision and ineffective service of process is not the only jurisdictional defect here.

## CONCLUSION

The Plaintiffs have failed to properly serve DIFZ with a summons and complaint, as required by Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE. Even if properly served, this Court lacks personal jurisdiction over DIFZ and it should be dismissed from this action without prejudice.

WHEREFORE, the Defendant DynCorp International Free-Zone, LLC prays that this Court will grant its motion to dismiss and dismiss all claims against DIFZ in the Plaintiffs' Amended Complaint.

Respectfully submitted,
_S/Dennis R. Bailey_____
Dennis R. Bailey (744845)
R. Mac Freeman, Jr.
Attorneys for DynCorp International Free
Zone LLC

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.

184 Commerce Street/P.O. Box 270
Montgomery, Alabama, 36104/36101-0270
Telephone: (334) 206-3234
Facsimile: (334) 481-0031
E-Mail: drb@rsjg.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Larry W. Morris
> kbaker@morrishaynesandhornsby.com
> Nancy L. Eady
> neady@morrishaynesandhornsby.com
>
> William Larkin Radney III
> lradney@bellsouth.net
>
> W. Steele Holman, II
> wsh@AJLaw.com

By _S/Dennis R. Bailey_____