IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY POTTS and JANICE POTTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:06cv124-WHA |
| ) | |
| DYNCORP INTERNATIONAL, LLC ) | (WO) |
| and DYNCORP INTERNATIONAL ) | |
| FZ-LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the court on a Preliminary Motion to Dismiss (Doc. #52), filed by Dyncorp International, FZ-LLC ("DIFZ"), challenging both the sufficiency of service of process upon DIFZ and the exercise of personal jurisdiction over DIFZ.

The Plaintiffs in this case filed an Amended Complaint on September 15, 2006. At that time, the Plaintiffs attempted to serve DIFZ by certified mail addressed to "Dyncorp International FZ-LLC, Mr. John P. McMullen, Director of Homeland Security, Dyncorp International LLC" at DI's address in Falls Church, Virginia. The Domestic Return Receipt was returned unsigned.

Defendant DIFZ has made a special appearance, moving to dismiss the Amended Complaint pursuant to Rules 12(b)(2) & (5) of the Federal Rules of Civil Procedure. DIFZ argues that service of process was insufficient and that the court has no personal jurisdiction over DIFZ. After reviewing the parties' briefs, the court finds that the issue of whether service of process was sufficient ultimately turns on the following question: despite their formal existence as separate and distinct companies, are DI and DIZF so inter-related that the court cannot

recognize a separate legal existence between the two companies?[1]

The Eleventh Circuit has not directly addressed the issue of whether service on a parent corporation is sufficient to reach a foreign subsidiary when an alter ego or instrumentality situation is present. This court, however, is comfortable following the guidance of the D.C. Circuit, which has spoken on that particular issue. The D.C. Circuit has stated that "[w]hile the relationship of parent and subsidiary alone would not suffice . . . where the two corporations are not really separate entities service on the parent will reach a foreign subsidiary." *I.A.M. Nat'l Pension Fund, Benfit Plan A v. Wakefield Indus., Inc., Div. of Capehart Corp.*, 699 F.2d 1254, 1259 (D.C. Cir. 1983). Following this guidance, the court finds that, if DIFZ is simply the alter ego or instrumentality of DI, service upon DI potentially reaches DIFZ.[2] As a result, the determination as to whether DIFZ is the alter ego or instrumentality of DI is critical in deciding whether service of process in this case was sufficient.

"Under Alabama law, a parent corporation is a distinct entity from its subsidiary . . . unless it is a mere adjunct, instrumentality, or alter ego of the parent corporation." *Whatley v. Merit Distribution Servs.*, Nos. Civ.A. 99-0166-CB-S, Civ.A. 99-0167- CB-S, 2001 WL 228053 at *2 (S.D. Ala. 2001); *see also Oxford Furniture Cos., Inc. v. Drexel Heritage Furnishings,*

---

[1] Although DIFZ also raises the issue of personal jurisdiction, the court currently is concerned with the service of process analysis. It should be noted, however, that, in order to determine whether the court can exercise personal jurisdiction over DIFZ, the same question regarding alter ego or instrumentality status must be answered.

[2] The alter ego/instrumentality determination is simply one part of the overall analysis as to whether service of process upon DIFZ was sufficient. Even if the Plaintiffs prove that DIFZ is an instrumentality of DI, the court still must decide whether service upon McMullen was sufficient and whether the return of an unsigned receipt affects sufficiency. The parties' briefs adequately address these issue, but the court will reserve its opinion on such issues until the instrumentality issue is resolved.

*Inc.*, 984 F.2d 1118, 1126 (11th Cir. 1993)(citing *Ex parte Baker*, 432 So. 2d 1281, 1284 (Ala. 1983). Alabama law further acknowledges that "a separate legal existence will not be recognized when a corporation is 'so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another. . . .'" Therefore, because Alabama law follows this "instrumentality rule," the court must apply such rule. In discussing this rule, the Alabama Supreme Court set forth a guiding framework, noting that:

> [T]here are certain common circumstances which are important and which, if present in the proper combination, are controlling. These are as follows:
> (a) The parent corporation owns all or most of the capital stock of the subsidiary.
> (b) The parent and the subsidiary corporations have common directors or officers.
> (c) The parent corporation finances the subsidiary.
> (d) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation.
> (e) The subsidiary has grossly inadequate capital.
> (f) The parent corporation pays the salaries and other expenses or losses of the subsidiary.
> (g) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.
> (h) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.
> (i) The parent corporation uses the property of the subsidiary as its own.
> (j) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take orders from the parent corporation.
> (k) The formal legal requirements of the subsidiary are nor observed.

*Evntl. Waste Control, Inc. v. Browning-Ferris Indus., Inc.*, 711 So. 2d 912, 914 (Ala. 1997) (quoting *Duff v. S. Ry.*, 496 So. 2d 760, 762-63 (Ala. 1986)). Therefore, the court must take this precedent into consideration and apply that framework to determine whether DIFZ is an instrumentality of DI for purposes of the service of process analysis.

Although the parties' briefs touch on the instrumentality issue, the briefs do not approach

that issue applying the aforementioned framework. Instead, the parties' briefs, and in particular the Plaintiffs' brief, only discuss certain portions of the submitted evidence that may or may not fall under one or more of the listed factors. Because the parties have not presented the evidence under this particular framework, the court finds it difficult to make this instrumentality determination. Moreover, after assessing the totality of the evidence presented, the court believes that evidence exists falling under some of the listed factors, yet the parties have failed to present this evidence in the proper light for the court to utilize such evidence. Therefore, because the instrumentality determination is critical to deciding whether service of process was sufficient and ultimately might prove dispositive of the entire case, the court finds that an evidentiary hearing is necessary to sort out the evidence under the framework supplied by the Alabama Supreme Court.

Accordingly, it is hereby ORDERED that an evidentiary hearing will be held at 9:00 a.m. on April 19, 2007 in District Courtroom 2-C, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, **Montgomery**, Alabama, for the purpose of the parties presenting evidence relevant to the instrumentality issue under the framework set forth by the Alabama Supreme Court in *Evntl. Waste Control, Inc. v. Browning-Ferris Indus., Inc.*

It is further ORDERED that this case is removed from the current pretrial and trial dockets, pending resolution of issues involving DIFZ. New pretrial and trial dates will be set by later order.

Done this 23rd day of March, 2007

/s/ W. Harold Albritton
W. HAROLD ALBRITTON

SENIOR UNITED STATES DISTRICT JUDGE